HERMAN KOEHLER, Respondent, *v.* FARMERS & DROVERS' NATIONAL BANK, etc., Appellants.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Injunction. Obedience.*—Knowledge of the existence of an injunction is sufficient to impose upon a party the duty of obeying it, and to render him liable to be punished civilly for disregarding it.
2. *Same. Rule 37.*—Rule 37 of the general rules of practice does not apply to an injunction granted as a provisional remedy in another and different suit.
3. *Same.*—A party who has willfully violated an injunction, will not, until he has purged himself of his contempt, be heard to attack it, on the ground that it was improvidently granted.
4. *Same. Order.*—Expressions contained in opinions form no part of the judgment of the court, and, unless they are contained in the order appealed from, cannot be considered in determining the validity of the order.
5. *Same. Attorney. Defense.*—It is no defense to an attorney for an alleged violation of an injunction order, that a void order had been made vacating the injunction, before the alleged violation, or that the error, into which he fell, was entertained by the judge who improperly granted the order vacating the injunction.
6. *Same. Vacation.*—The judge granting the injunction can alone vacate or modify it *ex parte.*
7. *Same. Venue.*—No motion can be made outside of the county of New York for the vacation of an injunction granted in an action pending in the supreme court in the first judicial district.
8. *Same. Void.*—The attorney, in such case, can escape punishment only by showing that the injunction was absolutely void.

Appeal from an order punishing an attorney for an alleged contempt in violating an injunction order.

*W. A. Abbott,* for appellants.

*E. J. Meyers,* for respondent.

VAN BRUNT, P. J.—On the 6th of March, 1888, an injunction order was granted in this action which was pend-

ing in the supreme court in the first judicial district, return-
able on the 9th of March, enjoining and restraining the de-
fendants herein, its agents or attorneys from further pro-
ceedings in action brought by the defendant against the
plaintiff herein and pending in the circuit court of West-
chester county. The injunction order, complaint, affidavits
and undertaking were served on the attorneys for the bank
on the 6th of March at White Plains by leaving a copy of
the same with the clerk having charge of their office, the
attorneys being then absent therefrom. On the 7th of
March the case of the Bank *v.* Koehler was reached on the
circuit calendar and called for trial. The defendants' attor-
ney was represented by his clerk who presented the injunc-
tion order staying the proceedings until March 9th. There-
upon the counsel for the plaintiff moved to vacate the
injunction order so far as it interfered with the trial of this
action; and the following order was entered:

"WESTCHESTER CIRCUIT, *March* 7, 1888.

"Present.—HON J. O. DYKMAN.

| |
|---|
| THE FARMERS AND DROVERS' NATIONAL BANK *against* HERMAN KOEHLER. |

"ORDERED that the order made by the Justice, M. J.
O'BRIEN, dated March 6, 1888, in so far as the same re-
strains or stays proceedings of plaintiff in above entitled
action be, and the same is hereby vacated and set aside.

"J. O. DYKMAN, J. S. C."

No notice of this application was served. Thereupon
Mr. Close took judgment by default, being sworn himself

as a witness, and the cashier of the bank, Mr. Thacker, being also sworn as a witness.

It is to be observed that the order purporting to vacate the injunction was not made in the action in which the injunction was issued, but was made in an action pending in the circuit court of Westchester county. On the following day, March 8th, the judgment was vacated in New York county, and an order to show cause why the attorney and cashier should not be punished for contempt was granted upon affidavits establishing the foregoing facts.

Upon the hearing of this motion an order was made adjudging the said attorney to be in contempt, and fining him in the sum of $100, and from such order this appeal is taken.

The grounds upon which this appeal is argued are :

*First.* That the service of the injunction not having been made on Messrs. Close and Thacker personally, was insufficient to bring them into contempt for its disobedience.

*Second.* That the injunction order was void because made in violation of rule 37.

• *Third.* That the justice had no jurisdiction, because the papers on which it was based neither made, nor tended to make, a case conferring jurisdiction.

*Fourth.* That the learned justice erred in refusing any hearing on the question as to whether the offense complained of was calculated to, or did, defeat or impair the rights and remedies of the defendant; and

*Fifth.* It is alleged that Messrs. Close and Thacker should not be punished for the alleged contempt, because not only for the reasons already mentioned, but because they acted in conformity with the established practice in the second judicial department, and in pursuance of the orders and directions of the justice presiding at the Westchester circuit, who was acting pursuant to a general rule of the court having the force of a statute.

The appellants had sufficient notice of the existence of

the injunction to impose upon them the duty of obeying it, and to render them liable to be punished civilly for disregarding it, so far, at least, as was necessary to indemnify the party injured by their disobedience. Hull v. Thomas, 3 Edw. Ch. 236; Livingston v. Swift, 23 How. Pr. 1.

In the case last cited the Albany general term held that knowledge of an injunction, information of its contents and presence in court when it was made, were fully sufficient to impose upon the defendant the duty of obeying it so far as related to the pecuniary rights of the party by whom the injunction had been obtained. In the present case it is established beyond question, and, indeed, appears from his own affidavit, that Mr. Close knew of the injunction. The order of Mr. Justice DYKMAN, purporting to vacate it, appears to have been made upon his own application. Under these circumstances it would be idle for him to deny, nor does he deny, that he was aware of the existence of the injunction. Mr. Thacker seems to have been equally well informed on the subject. He was examined as a witness on the trial, which was proceeded with in disregard of the injunction, and it is charged in the present proceedings that at the time he was being examined "he was notified by the discussion then had that the injunction restrained and enjoined him from taking any proceedings in such cases." This statement is nowhere denied by Mr. Thacker, and must, therefore, be taken as true.

The appellants contend that the injunction was void because it was granted in violation of rule 37 of the general rules of practice, which provides that no order, except in the first judicial district, served after the action has been noticed for trial, and within ten days of the circuit, shall have the effect to stay the proceedings in the action unless made at the circuit where the case is to be tried, or by the judge who is appointed, or is to hold such circuit, or unless such stay is contained in an order to show cause returnable on the first day of the circuit. But this rule plainly applies

only to orders made in the same action in which proceedings, are sought to be stayed. It has no application to an injunction granted as a provisional remedy in another and different suit, such as was the injunction which the appellant disregarded. The point that the justice had no jurisdiction to grant the injunction because the papers on which it was based, neither made nor tended to make a case conferring jurisdiction seems to be founded upon the claim that the injunction may be violated with impunity by the defendant, provided he is able to show upon a subsequent application that it has been improvidently granted.

No such rule exists for the reason that the books are full of cases where a party will not be heard to attack an injunction of the court because it was improvidently granted, where he has wilfully violated the injunction until he has purged himself of his contempt. The case of the People *v.* Burgen (53 N. Y. 404), is a sufficient authority to the contrary if any were needed. It is there laid down that if the order is improvident, the remedy is by application to vacate it, or by appeal. So long as it remains in force, it is the duty of all parties to obey it, and the merits are not reviewable. The same rule is laid down in Clark *v.* Bininger (75 N. Y. 344), and also in People *v.* Dwyer (90 N. Y. 402).

But it is needless to multiply authorities upon this point as the rule is elementary.

The point that the justice erred in refusing any hearing on the question as to whether the violation of the injunction was calculated to, or did defeat or impair the rights or remedies of the respondent, is not raised by this appeal, because no such adjudication upon the part of the court appears in its order.

It is a very well-established rule that expressions contained in opinions form no part of the judgment of the court, and unless they are contained in the order appealed from cannot be considered in determining the validity of

the order.   Upon the face of the  order it  nowhere appears that in determining  the  question  of contempt  the learned judge refused to enter into  any inquiry into  the  merits.   It is true that such  expression  was  contained in  his opinion ; but it nowhere appears  in the  order  and if it had it would have made no  difference  because of  the  reasons  heretofore assigned in that regard.

But it is urged that the attorney should not  be punished for  the  alleged  contempt, because  the  error into which he fell  was  also  entertained  by the learned  trial  judge who presided  at  the  Westchester  circuit, and that the  attorney should not be fined because he  did  not  know  what the law was  better  than  the  learned  judge  before  whom  he was practicing.

The force of this argument we  are  unable  to see  because it would  allow  an  attorney  to  deceive  a  judge into the making of an  order  which  he  had  no  authority to make, vacating  an  injunction, and  thereby  he  would  be  at the liberty to  violate  it  at  his  pleasure.   No  such  rule can obtain, because it would open  the  door  wide  to attempts to defraud  the  court  in  obtaining  orders  for  the vacation of injunctions when the  court  had  no  jurisdiction to entertain any such  application.   It  is  clear that the  circuit court of Westchester  county  had  no  power whatever  to  vacate  an injunction issuing  out  of  the  supreme court.   And  it  is also clear that an  order  entered  in  one  action  pending in the  circuit  court of  Westchester  court, and  made  in  such court  could  not  affect  an  injunction  made  in  another action  pending in  the  supreme county, first judicial district.

It  is  hardly  necessary  to  cite  the  authorities  going to show that where an  injunction  is  granted, no  judge except the  judge  granting  the  injunction, can  vacate  or  modify it *ex parte* and that no  motion  can  be  made  outside of the county  of  New  York  for  the  vaction  of  an  injunction granted in an action pending  in  the  supreme  court, in  the first judicial district.

It is clear that the judge holding the circuit court of Westchester county was absolutely without jurisdiction and that his order was absolutely void and that when the attorney went on and violated the injunction, he did so at his peril and was liable to be punished and should be punished. The attorney in that case is like the man who starts a revolution against the government of which he is a subject. If he succeeds he is a patriot. If he fails he is a traitor. In this case the attorney could only escape punishment by showing that the injunction was absolutely void. Having failed in establishing this proposition he must suffer the punishment for his temerity.

The order should be affirmed, with the costs and disbursements.

DANIELS and BARTLETT, JJ., concur.