AUGUSTIN DALY, Respondent, *v.* GUSTAV AMBERG, HERMAN SCHOENBERG et al., Appellants.

*Disobedience of an injunction order cannot be justified by showing that it was improvidently or erroneously granted or irregularly served; until it is vacated or service thereof set aside, it must be obeyed unless it can be shown to be absolutely void.*

*In an action brought by plaintiff, a theatrical manager, to restrain defendant, who was also a theatrical manager, and his agents, employes, etc., from producing at his theatre a play, the sole right to produce which in this country belonged to plaintiff, an order was duly granted on October fifteenth, directing defendant to show cause, on the twentieth of that month, why an injunction should not issue in accordance with the prayer of the complaint, and, in the meanwhile, restraining defendant, his actors, agents and servants; also providing that service of the order on*

or before the seventeenth would be sufficient. Before service of the papers upon defendant could be made, he left the state and was absent about four days; the papers were not served upon him until the twentieth, but on and prior to October seventeenth the injunction order was duly served upon S., who acted as manager and was in apparent control of defendant's theatre during his absence; upon L. W., who was treasurer and in charge of the box office, and appeared to exercise authority over the actors, and upon A. W., an actor in defendant's employ. On the seventeenth after such service and on the eighteenth, the play was produced at defendant's theatre, A. W. acting a leading part. In proceedings to punish S., L. W. and A. W. for contempt for disobedience of the order, *held*, that service of the summons upon defendant was not essential to give the order vitality; that, conceding the service thereof before service of summons was irregular, it was not void; that the court having power to grant it, had for the purpose of enforcing obedience to it, jurisdiction of the action from the time it was made; and that the willful disobedience thereof by said agents and employes of defendant after service upon them was a contempt, for which they were properly punished.

*Leffingwell* v. *Chave* (5 Bosw. 703), distinguished.

(Argued April 27, 1891; decided June 2, 1891.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made February 3, 1891, which modified, and as modified affirmed, an order of Special Term adjudging appellants guilty of contempt.

The facts, so far as material, are stated in the opinion.

*S. W. Rosendale* for appellants. As to the appellants, not parties to the action, the injunction or stay was not operative at the time of the service of the papers upon them. (Code Civ. Pro. §§ 99, 127, 220, 416, 435, 620; *Leffingwell* v. *Chave*, 19 How. Pr. 54; *People ex rel.* v. *Dwyer*, 90 N. Y. 402.) The injunction only issues against the party to an action. (*Batterman* v. *Finn*, 32 How. Pr. 501; Willard's Eq. Juris. 352; *Fellows* v. *Fellows*, 4 Johns. Ch. 25; *Watson* v. *Fuller*, 9 How. Pr. 425; *Walton* v. *G. C. Co.*, 56 Hun, 211.) The order was not proper in failing to comply with section 610 of the Code of Civil Procedure. (Code Civ. Pro. § 610; *Hotchkiss* v. *Hotchkiss*, 16 Civ. Pro. Rep. 129.) The service on Walther without the summons and other papers was in viola-

tion of the Code of Civil Procedure. (*Coddington* v. *Webb*, 4
Sandf. 639; *Watson* v. *Fuller*, 9 How. Pr. 425.) The court
could not, upon the facts presented, legally adjudge the appel-
lants guilty of contempt when each was powerless to prevent
the production of the play. (*Batterman* v. *Finn*, 32 How.
Pr. 501.) The proceedings below were irregular. (Code Civ.
Pro. §§ 782, 2284.)

*Stephen H. Olin* for respondent. The injunction order was
duly served. (*Koehler* v. *F. & D. Bank*, 14 Civ. Pro. Rep.
71; 117 N. Y. 661; *Walton* v. *G. B. C. Co.*, 9 N. Y. Supp.
375; *Grover* v. *Swain*, 29 Hun, 454.) The omission to recite
in the order the grounds of the injunction as required by sec-
tion 610, Code Civil Procedure, was a mere irregularity and
properly disregarded. (*A. & P. R. R. Co.* v. *B. & O. T.
Co.*, 14 J. & S. 377.) The performance of the play on Friday
and Saturday, the seventeenth and eighteenth of October, is
admitted, and the appellants were liable if they in any way
aided in that performance. (*Mayor* v. *N. Y. & L. I. R. R.
Co.*, 64 N. Y. 622; *Rider* v. *Bagley*, 84 id. 461; *People* v.
*Gilmore*, 88 id. 626; *N. Y. & N. H. R. R. Co.* v. *Ketchum*,
3 Keyes, 24; *Livingston* v. *Swift*, 23 How. Pr. 1; *R. H. &
L. R. R. Co.* v. *N. Y., L. E. & W. R. Co.*, 14 Civ. Pro. Rep.
262, 268; *Mayor, etc.*, v. *Ferry Co.*, 64 N. Y. 622; 8 J. & S.
315; *Koehler* v. *F. & D. Bank*, 117 N. Y. 661.) The adju-
dication and punishment were warranted by the Code. (Code
Civ. Pro. § 14.) The proceeding to punish the appellants was
regular. (Code Civ. Pro. §§ 2269, 2281, 2284, 2285.) The
imposition of a fine was warranted. (*Clark* v. *Bininger*, 75
N. Y. 344; *F. B. C. Co.* v. *Hecksher*, 42 Hun, 534; *Living-
ston* v. *Swift*, 23 How. Pr. 1.)

O'BRIEN, J. The Supreme Court made an order in this
action adjudging that Schoenberg, Winterfeld and Walther
were guilty of contempt in disobeying an injunction granted
in the action by a judge of the court. The General Term
has affirmed the order, and upon appeal to this court we are

asked to reverse it for various reasons, but one of which it is necessary to consider. It has been found by the court below that the appellants did disobey the order, and that such disobedience defeated, impaired, impeded and prejudiced the rights and remedies of the plaintiff. The proof upon all the questions of fact involved in the proceedings was sufficient to call for the exercise of the judgment and discretion of the courts below, and, there being legal evidence to support the findings, they are conclusive upon us, so far as concerns the facts passed upon. But the appellants were not parties to the action and at the time that they committed the acts, which constitute the alleged contempt, neither the summons nor the injunction order had been served upon the defendant, in whose employment they were, and it is now argued that under such circumstances the court below had no power to make the order appealed from. On the 15th day of October, 1890, the plaintiff presented to a justice of the Supreme Court the summons and complaint in this action, duly verified, also an affidavit and undertaking as required by the Code, to authorize the granting of an injunction. It appeared by the complaint that the plaintiff was a theatrical manager and had acquired by purchase from the dramatic author the sole right to produce in this country the unpublished manuscript play in the German language, called " Die Wilde Jagd."

It further appeared that the defendant was also a theatrical manager, and that he had announced his intention to produce this play at his theatre in Irving place, in the city of New York, on the evenings of the seventeenth and eighteenth of October. The prayer of the complainant was that a perpetual injunction might issue restraining the defendant, his agents, actors, servants and employes from producing this play. The justice to whom these papers were presented immediately made an order directing the defendant to show cause on October twentieth why an injunction should not issue in accordance with the prayer of the complaint, enjoining the defendant, his actors, agents and servants in the meantime, and that service of the order on or before October seventeenth

should be sufficient. Before service of the papers in the suit could be made upon the defendant, he left the city of New York, his residence and place of business, and was absent from the state four days and the injunction and other papers and process in the case were not served upon him until October twentieth. In the meantime, and while the defendant was thus absent, his servants, actors and employes, on October seventeenth and eighteenth, produced the play at his theatre. Schoenberg was in apparent control of the theatre and acted as manager in the absence of Amberg, the defendant. Winterfeld was in charge of the box office and appeared to exercise some authority over the actors and, according to his own statement, he was treasurer of the theatre. Walther acted a leading part in the play. On or prior to October 17, 1890, and in time to prevent the production of the play, the temporary injunction was served upon these three persons, by showing each the original, with the signature of the justice, and leaving with him a copy of the order, with a notice signed by plaintiff's attorneys, stating that the order had been granted. As to Winterfeld and Schoenberg, copies of all the papers, upon which the order was granted, were also served. It is well settled that disobedience of an injunction order cannot be justified by showing that it was improvidently or erroneously granted or irregularly served. Until the order is vacated or the service set aside it must be obeyed unless it can be shown that it is absolutely void. (*People ex rel.* v. *Sturtevant,* 9 N. Y. 263; *People ex rel.* v. *Bergen,* 53 id. 404; *Clark* v. *Bininger,* 75 id. 344; *Erie Railway Co.* v. *Ramsey,* 45 id. 637.) It is contended, in support of this appeal, that the order to show cause had no vitality or force whatever until, at least, the summons in the action had been served upon the defendant. If this position be correct it is obvious that a convenient method has been devised for evading and defeating the remedy which the Code secures to parties by means of an injunction. All that is necessary is for the defendant to absent himself from the state before service of the process upon him, and then,

when secure under the protection of another jurisdiction, he may direct or permit his agents, servants or employes to do the acts forbidden by the order, without fear of punishment. The principal authority that has been found to support the view of the appellant is *Leffiingwell* v. *Chave* (5 Bosw. 703), decided by Judge W<small>OODRUFF</small> at Special Term. That was a motion to vacate an injunction because granted by the judge before the summons in the action was served. Section 220 of the Code of Civil Procedure, under which the case arose, provided that "the injunction may be granted at the time of commencing the action or at any time afterwards before judgment." It was held that an injunction granted before the summons was served was regular and could not be set aside on motion. Whether under any circumstances the injunction could become operative if served before the summons, was a question not necessarily involved in the case, though the learned judge expressed the opinion that it could not. The present Code of Civil Procedure, section 608, provides that the injunction order "may be granted to accompany the summons, or at any time after the commencement of the action and before final judgment." It may be admitted that an injunction served prior to the service of the summons in an action is irregular, but it by no means follows that it is void. It cannot be said that an order is void when there was jurisdiction in the court or officer to make it. The presentation of the summons, complaint, affidavit and undertaking to the judge conferred upon him, under the statute, jurisdiction to make the order, and it was valid from the moment when he signed and delivered it. In some cases the court acquires jurisdiction of an action before the summons is served. By section 416 of the Code of Civil Procedure, jurisdiction of the action is obtained for the purpose of controlling all subsequent proceedings from the time of granting a provisional remedy. It follows that in this case the court had the power to grant the injunction and had jurisdiction of the action in which it was granted, from that time, for the purpose of enforcing obedience to its order. In this condition of things,

to say that these appellants could disregard the injunction, when actually served upon them, and continue to do the things enjoined and forbidden, because the plaintiff had not yet succeeded in making personal service of the summons upon the defendant, would be to defeat the remedy intended to be secured by the order and to trifle with the administration of justice. The appellants were the agents and servants of the defendant. The restraining words of the order included them as well as their employer. By the service of it upon them, they were informed that a suit had been commenced to perpetually restrain the production of the play, and that the court had enjoined the production thereof in the meantime and during the pendency of the action. The willful disobedience of the order of the court served under such circumstances is a contempt of its authority, and this result is not relieved by the circumstance that the summons in the action had not yet been served upon the defendant when the order was disobeyed. This court has upheld proceedings in the Supreme Court, punishing parties for contempt in violating an injunction who had knowledge of it, though not served, and also the agents and attorneys of parties having like knowledge of the granting of the order, though it was imperfectly or irregularly served. (*Abell* v. *N. Y., L. & W. R. R. Co.*, 18 Weekly Dig. 554; affd. 100 N. Y. 634; *Koehler* v. *Farmers & Drovers' Nat. Bank*, 6 N. Y. Supp. 470; affd. 117 N. Y. 661.)

The same result must follow in a case where the agents and servants have been actually served with the order, though the plaintiff had not been able to serve the summons or any other paper upon the defendant himself. The order appealed from should be affirmed, with costs.

All concur.

Order affirmed.