THE CITY OF NEW YORK, Plaintiff, *v.* STATEN ISLAND MIDLAND RAILWAY COMPANY, Defendant.

(Supreme Court, Kings Special Term for Motions, March, 1920.)

Injunctions — temporary — how jurisdiction acquired and lost.

> The jurisdiction acquired by the court upon granting a temporary injunction is provisional and depends upon the performance of the condition subsequent, viz., due service of the order to show cause and the hearing thereon within the time limit prescribed in said order.
>
> Where the condition subsequent fails the provisional jurisdiction ceases, the temporary injunction becomes void *ab initio* and the jurisdiction acquired upon its issuance is lost and cannot be regained at a time later than the return day of the order to show cause by making said order returnable at a later date.

MOTION for an injunction.

William P. Burr, corporation counsel (Edgar J. Kohler, of counsel), for city of New York.

Eadie & Walser (Henry V. Poor, of counsel), for Staten Island Midland Railway Company.

CALLAGHAN, J.  This court acquired jurisdiction of the parties and of the *res* upon the granting of the

*ad interim* order of January 17, 1920. The jurisdiction thus acquired gave to this court power to appoint a receiver and to exercise control over the assets of the defendant, notwithstanding the principles of comity prevailing in cases of conflicting jurisdiction, providing *the jurisdiction thus acquired has not been lost.*

The *ad interim* order was granted on January seventeenth. It was, by its terms, made returnable on January twentieth. In the meantime, the Federal court, at the instance of a creditor who asked for practically the same relief as is invoked here, appointed, on the consent of the defendant, a receiver of the defendant's property. The order of January seventeenth contained an injunction, one of the provisional remedies authorized by the Code of Civil Procedure. Section 416 of the Code provides that the court acquires jurisdiction of the action from the time of the granting of a provisional remedy, even though the summons had not previously been served. It has been judicially determined by this court that the service of the injunction order was not made upon this defendant, prior to the return day fixed by that order. Thereupon the justice who granted that order changed, on February second, the return day specified, to February ninth. As changed, the order was duly served upon the defendant. The defendant attacks the order upon the ground that it is void for failure to recite the ground of the injunction as required by section 610 of the Code. There is no force in the contention that the order is void. It may have been irregular, and could have been set aside for that reason, but such irregularity does not affect it for jurisdictional purposes.

The only question involved on this motion is whether the jurisdiction acquired by the issuance of

the temporary injunction was lost by the failure to serve the order before the return day fixed therein.

The provisions of section 416 of the Code are invoked by plaintiff to show that this court acquired and continues to have exclusive jurisdiction over the defendant and its property upon the granting of the temporary injunction of January seventeenth. That the court may acquire jurisdiction and retain control over all subsequent proceedings upon granting a temporary injunction, providing proper service is made, is no longer open to question. *Daly* v. *Amberg,* 126 N. Y. 490. The Code, section 416, provides that the jurisdiction acquired by the granting of a provisional remedy is lost " in a case where the jurisdiction of the court is made dependent, by a special provision of law, upon some act, to be done after the granting of the provisional remedy." It has been held that the failure to serve the summons within the time prescribed by statute in actions where attachments have been granted divests the courts of jurisdiction *ab initio. Kieley* v. *Manufacturing Co.,* 147 N. Y. 620; *Ross* v. *Ingersoll,* 53 App. Div. 86. There is analogy between the law relating to attachments and injunctions although there is no provision of statute specifying the time in which the summons in an action for an injunction must be served. In one case the regulation is statutory, in the other it rests in the power of the court. Section 638 of the Code prescribes the time within which the summons must be served when an attachment is issued to accompany it. By section 608 of the Code, the injunction may be granted to accompany the summons. The prior service of the summons is not a condition precedent to the exercise of the court's power to grant injunctive relief. The reason for this provision is to prevent the object of the action from being thwarted and to continue in

*statu quo* existing conditions until the hearing of the motion for injunctive relief. Section 609 of the Code provides that the preliminary injunction may be granted without notice to the end that it may become effective immediately upon the service on the defendant. The injunction must be accompanied by the summons and becomes effective only when served with or after the summons. *People ex rel. Cauffman* v. *Van Buren,* 136 N. Y. 252, 263. The injunction is effective in any event only " until the hearing and decision of the application." Code Civ. Pro. § 609. The jurisdiction acquired upon granting the temporary injunction is a provisional jurisdiction and depends upon the condition subsequent being performed, viz., the order to show cause served and the application heard within the time prescribed in the order therefor. If the condition subsequent fails, the provisional jurisdiction ceases, the temporary injunction becomes void *ab initio* and the jurisdiction acquired upon the issuance of the temporary injunction is lost. This I think is the meaning of the provision in section 416 of the Code to the effect that the jurisdiction acquired by the granting of a provisional remedy is a condition and liable to be divested in a case where such jurisdiction is made dependent, by special provision, upon some act to be done after the granting of the provisional remedy. The court is empowered to prescribe the time for the service of papers and the hearing of the application. Service within the time so prescribed, thereby giving life to the application, is the subsequent act to be done upon which the provisional jurisdiction depends. If the subsequent act be done, then the provisional jurisdiction exercised upon the granting of the injunction becomes effective for all subsequent proceedings as of the date of issuing the original order. If the serv-

ice is not made within the prescribed time, jurisdiction is lost.

My conclusion is that the jurisdiction acquired by this court, and which it had at the time the Federal court appointed a receiver, was lost by failure to properly serve the order before the time fixed by it for the return thereof, and that the jurisdiction could not be regained at a time subsequent to the return day fixed in the order by extending that order and making it returnable at a later date.

Motion denied.