DANIEL HUNT, Individually and as Codelegate and Business Agent of the Compressed Air, Foundation, Subway, Cofferdam and Sewer Construction Workers' Local Union No. 63, and Others, Respondents, v. NICHOLAS STIRONE, Individually and as General Organizer of the International Hod Carriers, Building and Common Laborers' Union of America, and Another, Appellants.

First Department, May 8, 1931.

*Jeremiah T. Mahoney* of counsel [*Edgar A. Samuel* with him on the brief; *Phillips, Mahoney, Leibell & Fielding,* attorneys], for the appellants.

No appearance for the respondents.

O'MALLEY, J. The record before us contains but two orders. One is an *ex parte* order, which, according to its recitals, was made upon a complaint and the joint affidavits of three individuals. Other recitals are to the effect that the papers mentioned have made it appear to the satisfaction of the court that the defendants are engaged in certain unlawful acts affecting the plaintiffs. The order directs the defendants to show cause on January 23, 1931, why an injunction *pendente lite* should not issue, and until the

hearing and determination of the order to show cause, the defendants are enjoined in specified particulars.

The other is the order appealed from and is dated January 24, 1931. Its recitals refer to the order to show cause and its restraining provisions, and it further recites that on the return day of said order to show cause the defendants appeared specially by counsel, who in open court moved to vacate so much of the order to show cause as enjoined and restrained the defendants for the reason and upon the ground that the said order was made in violation of section 882 of the Civil Practice Act, as amended by chapter 378 of the Laws of 1930,* in that no notice of the application for the injunctive relief therein contained was given to the defendants as required by said section as amended.

The order further recites that after hearing counsel for " the defendant " in support of the motion " and objection as aforesaid," and the attorney for the plaintiffs in opposition, and on reading and filing the order to show cause, it is ordered " that the preliminary objection raised by the defendant to the hearing of said motion for injunction *pendente lite* and the application and the motion of the defendant to vacate the order   *   *   *, in so far as the said order enjoined and restrained the defendant from the acts set out in said order to show cause be, and the same are hereby overruled and denied."

Although no brief is submitted on behalf of the respondents, we are of opinion that in view of the state of the record there is no question before us for determination. In the points submitted on behalf of the appellants, reversal is sought upon the ground that the order to show cause which contained the injunction *pendente lite* was granted without notice in violation of the provisions of the section of the Civil Practice Act heretofore mentioned. However, there is nothing before us to show whether notice was or was not given. A judicial act of the nature here sought to be reviewed must be presumed to be proper until the contrary is shown.

Assuming, however, that the record justified an inference that notice in the first instance was not given, the defendants clearly had notice on the return day of the order to show cause. Nothing is contained in the record to show that the motion brought on was not proceeded with and a disposition made. This being so, it would seem to be futile to remit the matter for further hearing and disposition.

* Since amd. by Laws of 1931, chap. 387.— [REP.

It follows that the order so far as appealed from should be affirmed, with ten dollars costs and disbursements.

McAvoy and Martin, JJ., concur; Finch, P. J., and Merrell, J., dissent.

Finch, P. J. (dissenting). The defendants appeal from an order denying a motion to vacate so much of an order to show cause as enjoined the defendants, pending the return day of said order, from certain acts therein set forth.

The defendants urged upon the court at Special Term that they had had no notice of the application for the injunction, no day in court and no opportunity to be heard. Hence the injunction was unauthorized. The motion was denied. Result, this appeal.

There is in the record no direct proof of lack of notice of the application for the injunction. This fact, however, sufficiently appears from the absence of any recital in the order that there was such notice, coupled with the fact that the order to show cause recited that service thereof should be deemed sufficient notice, together with the recital in the order appealed from that the defendants moved to vacate the injunction upon the sole ground that no notice of the application therefor had been given them.

There is thus squarely presented for determination the question whether it is beyond the power of a judge or court to grant *ex parte* an interim injunction contained in an order to show cause as to why it should not be continued *pendente lite*.

Prior to September 1, 1930, by section 882 of the Civil Practice Act, a court or judge was authorized to grant an injunction order upon, or without, notice, where the defendant had not answered. After answer it could be granted only upon notice or an order to show cause. On September 1, 1930, section 882 of the Civil Practice Act, as amended by chapter 378 of the Laws of 1930, took effect so as to provide as follows:

" § 882. Provision as to notice; injunction pending an application. The order may be granted only upon notice. Where an application for an injunction is made upon notice, either before or after answer, the court or judge may enjoin the defendant until the hearing and decision of the application; but only upon such notice as the court or judge, in its or his discretion, may direct."

The Legislature has thus restricted the authority to grant an interim injunction order to those cases in which notice of the application has been given to the defendant. If such injunction is granted *ex parte*, it cannot stand. By authoritative decisions in this State there is no inherent power in the courts to grant interim injunctions. Any such power is purely statutory. As was said

by CULLEN, Ch. J., in *Bachman* v. *Harrington* (184 N. Y. 458, 462):
" It is well settled by repeated decisions of this court that in this State a court of equity has no inherent absolute power to grant interlocutory injunctions, but that authority therefor must be found in the Code of Civil Procedure."

The fact that authoritative decisions in this State hold that there is no inherent power in the courts to grant interim injunctions without notice, disposes of any possible objection upon constitutional grounds that such statutory enactment constitutes an infringement by the Legislature of this State upon the inherent power of the judicial branch of the government.

In the case at bar, therefore, the defendants were entitled to the vacation of the injunction which had been granted without notice to them. Upon the return day of the order to show cause the defendants were required also to show cause why the injunction theretofore granted should not be continued. Of that part of the order to show cause the defendants, of course, had notice. The court, as noted, should have granted the motion to declare invalid for any and all purposes the interim restraining order which had been granted *ex parte*, and should then have proceeded to a disposition upon the merits of the application upon notice for an injunction *pendente lite*.

It follows that the order appealed from should be reversed, with ten dollars costs and disbursements, and the matter remitted to Special Term, to be disposed of in accordance herewith.

MERRELL, J., concurs.

Order so far as appealed from affirmed, with ten dollars costs and disbursements.