GEORGE F. STUHMER & COMPANY, Plaintiff, *v.* LOUIS KORMAN, as Treasurer of Bakery and Confectionery Workers, etc., and MORRIS JANOFSKY, etc., Defendants.*

Supreme Court, Kings County, March 24, 1932.

* Revd., 235 App. Div. 856.

*Prentice, Collins & Dwight,* for the plaintiff.

*Bushell & Gottlieb,* for the defendant Louis Korman.

*Henry Mayer,* for the defendant Morris Janofsky.

MAY, J.  Heretofore, application was made before another justice of this court for an order directing defendants to show cause why an injunction *pendente lite* should not issue.  Contained within the proposed order to show cause was a provision staying the defendants until the hearing and determination of the application for the temporary injunction.

The justice before whom the proposed order was presented directed that written notice, containing a full copy of the stay in the form in which it would be applied for, and setting forth the time and place of the application, be served upon the defendants.

Following argument upon the proposed application, the order to show cause containing the stay was granted.

The defendants, appearing specially for the purposes of this motion, now seek to vacate it upon the ground that section 882 of the Civil Practice Act has not been complied with.  That section was amended by chapter 378 of the Laws of 1930, in effect September 1, 1930.  Prior thereto an *ad interim* injunction order might be granted *ex parte.*  Under the amended statute it may be granted *only upon such notice as the court or judge, in its or his discretion, may direct.*  Since the right to temporary injunctions is not of equitable origin, but purely statutory (*Bachman* v. *Harrington,* 184 N. Y. 458, at p. 462; *Hunt* v. *Stirone,* 232 App. Div. 262, at p. 265; *Matter of Greene,* 153 id. 8; *Matter of Dietz,* 138 id. 283), the provisions of the section are exclusively regulatory of the practice to be followed in applications for such relief.  Even the court sitting in equity is bound by the legislative mandate. Notice of the application for a restraining order, therefore, must now be given in every case.  This is true, even though in many cases the justice of the situation may require that the restraining order be speedily obtained and executed upon a defendant who is alleged to be engaged in the commission of possibly irreparable harm.  If the giving of such notice were conditioned upon formal requirements, the consequence thereof might oftentimes be tantamount to rendering the order nugatory when served.  (See editorial N. Y. L. J. June 17, 1930.)  The justice or court before

whom or before which an application for stay is made thereupon becomes acquainted, at least *prima facie*, with the factual situation. There may be need for immediate relief in some cases; in others, the necessity for urgency may be absent. The express language of the statute indicates that there was no intention on the part of the Legislature that a court, to which would be presented these varied applications, should in anywise be limited in the character of the notice it might direct to be given. Rather it was obviously intended that the exigencies of the occasion should determine the mode and extent of such notice. *Any* notice, therefore, which, under the circumstances, the court deems sufficient to apprise the defendant of the pendency of the application, complies with the statute.

The notice was not jurisdictionally defective because of the reason, as herein urged, that at the time of its service the defendants had not been served with a copy of the summons and complaint. Prior to the amendment an order to show cause containing a stay might be granted before the commencement of the action but would not become operative until the service of the summons, which might be made at the same time with the order. (*People ex rel. Cauffman* v. *Van Buren*, 136 N. Y. 252.) It was the presentation of the summons and complaint, affidavit and undertaking to the justice which conferred jurisdiction to issue the stay. (*Daly* v. *Amberg*, 126 N. Y. 490.) The jurisdiction thus acquired was provisional and depended upon the performance of the conditions subsequent, viz., due service of the necessary papers and the hearing thereon within the time limit prescribed in the order to show cause. (*City of New York* v. *Staten Island Midland R. Co.*, 110 Misc. 695.) The statute, as amended, effects no change in the foregoing practice except that, as a further condition, it provides for the giving of such notice as the court may require.

This disposes of the contention that the very papers upon which plaintiff seeks a stay must be served with the notice.

The motion to vacate the stay is, therefore, denied.