STATE *EX REL.* GIBBES v. KIRKLAND.

1. APPEAL.—A question not raised nor passed upon in the court below not considered on appeal.
2. PROHIBITION—RESTRAINING ORDER.—An order dismissing an application for a writ of prohibition properly vacated a temporary restraining order embodied in the rule to show cause.
3. SPECULATIVE QUESTION.—A question arising under an act of the legislature considered, though rendered speculative under an act passed after this question was made and considered in the court below, no objection being raised by counsel.
4. PROHIBITION.—While the writ of prohibition may lie to a county board of control under the dispensary law, to keep it within the limits of its jurisdiction, errors of law or fact committed by such board, in determining matters clearly within its jurisdiction, cannot be corrected by writ of prohibition.

Before GARY, J., Richland, July, 1893.

This was a proceeding in prohibition, instituted in the name of the State of South Carolina on the relation of W. H. Gibbes against J. M. Kirkland, J. R. Price, and L. B. Folk, the County Board of Control for Richland County, commenced July 7, 1893.

*Messrs. Bachman & Youmans,* for appellant.

*Mr. Buchanan,* Attorney General, contra.

March 12, 1894.   The opinion of the court was delivered by

MR. JUSTICE POPE.   The relator applied to Judge Gary for a writ of prohibition to be directed to the respondents, as members of the County Board of Control for Richland County, prohibiting them and every of them, and all others acting under their authority, from receiving or filing any bond by J. M. Roach as dispenser for the city of Columbia, in said county, and from issuing him any permit authorizing him to keep and sell intoxicating liquors, and that such respondents should utterly desist in every such matter.

The grounds recited in the relator's petition, whereby he conveyed his application for said writ, were substantially these: That the relator is a freehold voter and taxpayer resident in said city, and presents his petition in behalf of himself and other citizens, who are in a similar plight as himself; that the State Board of Control, composed of the Governor of the State, the Comptroller General, and Attorney General, also of the State, as provided by the act of the General Assembly of the said State, entitled "An act to prohibit the manufacture and sale of intoxicating liquors as a beverage within this State, except as herein provided," approved 24th day of December, 1892, on a day not stated in the year 1893, had appointed the respondents as the County Board of Control for Richland County, and that such respondents had entered upon the discharge of the duties pertaining to their respective appointments, and of whom J. M. Kirkland is the chairman of said board; that, by section 8 of said act, there may.be appointed by such County Boards of Control one dispenser for each county, except that Charleston may have ten and Richland three, but that a petition for such appointment must be made to be signed by a majority of the freehold voters of the incorporated city or town where it is desired such dispensers to be appointed; and each person who signs said petition shall sign the same in his own true name and signature, and shall state that, before signing, he has read the petition and understands its contents; and that before the County Board of Control shall

act upon any petition, the same shall have been filed with said board the application of the person seeking the appointment of such dispenser at least ten days before the first meeting of such board to consider such application, and, also, that a copy of said petition shall be filed with the clerk of the Court of Common Pleas of the county wherein such appointment is desired; that the foregoing petition shall be signed and sworn to by the applicant for appointment as dispenser, and shall state the applicant's name, place of residence, in what business engaged for the two years previous to such application, that he is a citizen of the United States and of this State, that he has never been adjudged guilty of selling intoxicating liquors, and is not a licensed druggist, or keeper of a hotel, eating house, saloon, restaurant, or place of public amusement, and is not addicted to the use of intoxicating liquors as a beverage; that section 9 of said act prescribes the formalities to be observed by said applicant for appointment as dispenser, and when complied with, the said County Board of Control may issue to such applicant a permit, authorizing him to keep and sell intoxicating liquors as in said act provided, which permit, when so granted, shall be deemed a trust reposed in the recipient thereof, not as a matter of right, but of confidence.

That J. M. Roach, an applicant for the position of county dispenser at the city of Columbia for Richland County, on the day of June, 1893, filed with said County Board of Control for said county his petition signed by 190 signers, and this was the only petition filed by the said Roach in support of his application; and the said County Board of Control had, according to the provisions of said act, no jurisdiction to grant the application of said Roach unless said petition for his appointment had been signed, in accordance with the provisions of said act, by a majority of the freehold voters of the city of Columbia, and unless a copy of said petition had been filed with the Clerk of the Circuit Court for said county, as required by said act; that the petition in question is not signed by a majority of the freehold voters of the said city of Columbia; that the highest number of which 190 is a majority is 379, and the number of the freehold voters of the city of Columbia is

far in excess of that number, to wit: more than 500, and, as
your relator is informed by the city authorities, is 613; that
on the 16th June, 1893, the said County Board of Control in-
structed their clerk, John M. Miller, to obtain from the County
Auditor, L. R. Marshall, as soon as possible a list of the free-
hold voters of the city of Columbia, and empowered their
chairman to appoint a member of the said board to compare
the petition of Roach with the list of freehold voters of the city
of Columbia, furnished by the said auditor, such appointee to
report his action in the premises to the next meeting of said
County Board of Control, and that L. B. Folk was such ap-
pointee, who, on the 29th June, 1893, reported to the board
that he had compared the names signed to the said petition
with the names on the list made by the county auditor, which
latter contained 408 names, but thereof it was ascertained that
twenty-eight names were not those of freehold voters in said
city, and that when these twenty-eight names were deducted
from the 408, there remained the names of 380 eligible freehold
voters, of which number 191 was a majority, whereupon Roach
was elected a dispenser, with leave to file his bond with the
board on or before the 8th July, 1893; that said county auditor,
innocently, failed to furnish to said board a correct list of the
freehold voters of said city of Columbia, notably in this, that
such auditor failed to place on said list the freehold voters
residing on twenty-seven squares of said city, located between
Rice street on the north and Lower street on the south.

That while the relator admits that such County Board of
Control did receive the information from L. B. Folk that such
Roach's petition contained 196 names of freehold voters of said
city, still he informs the court that such number (196) of names
did not appear upon the petition filed by Roach with the board,
but was supplied by names of freehold voters who did not
comply with the act, and which said County Board of Control
had no jurisdiction to consider; that four of said Roach's peti-
tions with sixty-eight signatures read thus: We the undersigned
respectfully recommend J. M. Roach as a suitable person for
county dispenser under the act of 24th December, 1892; that
to the petition which had 190 signers, H. Jones, one thereof,

added these words when he signed: "I am opposed to the law, but if the dispensary is established, I recommend Mr. J. M. Roach," and so in somewhat words did several, say four others, qualify their signatures to such petition, and the board in their estimate of the freehold voters of the city in favor of the petition counted these five names, which they had no jurisdiction to do; that about twenty-two of such signers to such petition signed the same by their marks, and did not read the petition; that thirteen persons named who signed such petition are not freehold voters of said city of Columbia; that of the twenty-eight names deducted by L. B. Folk from the list furnished by Marshall as auditor, at least four are admitted to have been erroneously stricken therefrom; that the copy of said petition filed with the clerk of the Circuit Court was not a true copy, because where persons signed the same by their mark, the signature appears as if written by the person himself, and besides the qualifying words attached by five of the signers to their signatures, do not appear on said copy in the said clerk's office.

That Mr. L. D. Childs, who is opposed to the establishment of said dispensary, and while representing a large number of the freehold voters of the city likewise opposed to it, asked the three members of said County Board of Control to be allowed to be heard by said board, either in person or by letter, in order to lay before them evidence that there was a very considerable number of freehold voters not embraced in the list furnished by the said county auditor, and that this application was not granted; the said County Board of Control wilfully assumed a jurisdiction not conferred upon them by the act, and acted in excess of their powers; that said County Board of Control, unless restrained by this honorable court, will proceed, under the usurped jurisdiction by them exercised, to file and approve Roach's bond as dispenser as aforesaid, and issue the permit to sell intoxicating liquors under the act in question.

Upon hearing the verified petition, the Circuit Judge passed an order requiring the said County Board of Control to show cause before him, on 11th July, 1893, why the writ of prohibition prayed for should not issue in accordance with the prayer

of the petition, and that in the meantime, until the further order of the court, the respondents be restrained from action in the premises. On the day fixed for the hearing, the respondents interposed an oral demurrer to the petition. No exception was taken to such form of return in the court below, as appears by the "Case." After hearing counsel *pro* and *con*, the Circuit Judge ordered that the demurrer to the jurisdiction be sustained, and that the temporary restraining order be vacated.

From this order the relator now appeals on seven grounds: 1. In allowing an oral demurrer to be interposed, and in hearing and determining the same. 2. In deciding that the Court of Common Pleas, or a judge thereof, did not have jurisdiction in the premises. 3. In sustaining the oral demurrer. 4. In ordering the restraining order to be vacated. 5. In not overruling the oral demurrer. 6. In not requiring the return to the rule to show cause to be made. 7. In not granting the prohibition.

So far as the first exception is concerned, it cannot be sustained. As it appears from the "Case" for appeal, agreed upon by the parties to this contention, no such question was raised or passed upon by the court below, and, hence, is not properly before this court.

The remaining six exceptions will be considered together. We may remark, that so far as the fourth exception is concerned, relating, as it does, to the alleged error of the Circuit Judge in vacating by his order the temporary injunction, whereby the respondents were restrained from further action, as a County Board of Control, pending the hearing of the application of the relator for the writ of prohibition, we do not well see how this was error, unless the Circuit Judge erred in refusing such writ, and we apprehend that the appellant incorporated this amongst his other grounds of appeal, to the end, if this court should find that the Circuit Judge erred in refusing the writ of prohibition, such restraining order might also be retained.

So radical and far-reaching have been the changes made in and by the last act of the General Assembly of this State in the powers and duties of the County Boards of Control in the matter of appointing dispensers, that all the questions

here presented and underlying this appeal might be well said to be purely speculative. See act of General Assembly, 21 Statutes at Large, pp. 433, 434, and 435. However, as this last named act had not been enacted at the time of the hearing of this appeal, and, therefore, no question was discussed with relation thereto, we will proceed to decide the appeal just as if no such later act had been passed.

The vital question here to be considered is this: the respondents having, by their demurrer, admitted, so far as this hearing is concerned, all the allegations of fact in the petition to be true, has the relator sustained his right to have the writ of prohibition as prayed for granted? By section 15 of article IV. of our State Constitution, Circuit Judges are invested with power to issue writs of prohibition. What is the object of such writs, and when may they issue? It is· said by one author to be "a writ issuing out a superior court to restrain an inferior court within the limits of its jurisdiction. It is granted in all cases where an inferior court exceeds its powers, either by acting where it has no jurisdiction, or where, having a primary jurisdiction, it takes upon itself the decision of something not within its jurisdiction." 2 R. & L. Law Dict., 1022, and cases there cited. Our own court, in *State ex rel. Hamer* v. *Stackhouse*, 14 S. C., 427, uses this language: "Originally the writ of prohibition was understood to be a writ issuing out of some superior court, 'directed to the judge and parties of an inferior court, commanding them to cease from the prosecution of a suit upon a suggestion that either the cause originally or some collateral matter therein does not belong to that jurisdiction, but to the cognizance of some other court.' 3 Bl. Com., 112. But in practice this writ has subsequently gone beyond this limit, and it has not only been used to restrain inferior judicial tribunals within the orbit of their jurisdiction as to the subject matter conferred upon them, but it has also reached to their collateral proceedings when contrary to the common law or some statutory provision. Nor has it been confined entirely to inferior judicial tribunals, as seemed at first to be intended; on the contrary, it has been extended to other public functionaries, officials, and persons charged with the performance of a

duty not wholly judicial, and not even very extensively or strongly marked with a judicial character. *State* v. *Com'rs of Roads of Christ Church Parish,* 1 Mill Con. R., 55; *State ex rel. Mrs. Kohne* v. *James Simons and B. C. Pressley,* 2 Speer, 761.''

It may not be assumed that such writ will lie to restrain a County Board of Control within the limits of the jurisdiction with which they are clothed under the act of 1892, relating to dispensaries. By referring to the petition of relator it will be seen that it is there alleged that the act of 1892 expressly conferred jurisdiction upon this County Board of Control to determine when a petitioner for appointment as a dispenser had complied with the law by first obtaining a majority of the freehold voters of the city to the petition for his appointment, when he had produced a satisfactory bond, and that such appointment as dispenser is within the discretion of the County Board of Control. There can be no denial that the act in question has clothed the county board with jurisdiction to hear and determine this application for appointment as dispenser. And it nowhere appears amongst the statement of facts set forth in the petition of relator that such County Board of Control is assuming to hear and determine any collateral proceeding of any character whatsoever disconnected with the appointment of a dispenser. It must be remembered that the object of this writ is to restrain the respondents within their appropriate jurisdiction. Of course, this can be done only when the respondents are outside their jurisdiction. This writ has no application to any errors of law or fact committed within their jurisdiction by this County Board of Control. We can very well see that errors both of law and fact may be committed by such a board when acting upon matters within its jurisdiction, just as frequently happens in other inferior judicial tribunals. But the writ of prohibition does not lie in such a case. In just such cases the writ of *certiorari* is applicable. We do not know that any more extended notice of this appeal is required, and inasmuch as we see no error in the Circuit Judge's order,

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.