### HARBY v. WELLS.

1. AMENDMENTS.—A magistrate may allow a pleading amended before, at, or during trial.
2. NONSUIT.—There was sufficient testimony to prevent a nonsuit.
3. STOCK ANIMALS—LIEN.—A contract with the owner of a stock animal, in order to give him a lien on the issue, under sec. 2523 of Rev. Stat., need not be in writing.
4. TIME.—Courts take judicial notice of the time embraced within certain limits.
5. MAGISTRATE—PRACTICE.—A magistrate may recall a witness to refresh his memory as to the testimony, even after motion for nonsuit.
6. JUDGMENT.—Pleadings may be referred to to explain an indefinite judgment.
7. IBID.—This judgment construed not to be a money judgment against appellant, but only a lien on the colt in his possession.
8. STOCK ANIMALS—NOTICE—LIEN.—One purchasing a mare with notice that she had been served by a stallion, is bound to take notice that Rev. Stat., 2523, gives the owner of the horse a lien on the issue for the service fees.
9. MAGISTRATE—EQUITY.—An action under Rev. Stat., 2523, to enforce a lien against the issue of animals for the service fees of a stock animal, is a proceeding in equity, and a magistrate has no jurisdiction. *Dicta.*

Before TOWNSEND, J., Sumter, June, 1897.    Affirmed.

Action by J. J. Harby *v.* H. L. B. Wells and E. J. Geddes in magistrate's court.    Judgment for plaintiff.    Defendant, Geddes, appeals.    Appeal dismissed, and he appeals to this Court.

*Messrs. Purdy & Reynolds,* for appellant, cite: *Amendments:* Code, 194; 41 S. C., 145.    *Error to admit more testimony after motion of nonsuit:* 1 N. & McC., 154; 43 S. C., 105.

*Mr. L. D. Jennings*, contra, cites: *Judgment of trial Judge on facts in law case final:* 12 S. C., 222; 13 S. C., 115; 2 Strob. L., 156; 2 N. & McC., 99. *Nonsuit improper where there is testimony to support issues:* 45 S. C., 46. *Judge may admit testimony after argument:* 2 Rich., 78; 2 Bail., 179; 1 Hill, 404; 14 S. C., 627; 17 S. C., 529; 2 S. C., 247. *Notice sufficient to put one on inquiry is enough:* 12 S. C., 131.

March 25, 1898. The opinion of the Court was delivered by

MR. JUSTICE POPE. This action was commenced in a magistrate's court in the county of Sumter, in this State, on the 7th day of March, 1897. The complaint alleges that the stallion owned by plaintiff served a black mare owned at the time of such service by the defendant, H. L. B. Wells, and the date of service was on the 21st of April, 1895; that said mare foaled a black colt; that said mare was owned at that time by the defendant, E. J. Geddes, who is now the owner; that the service was rendered under a contract of insurance at the price of $25, with the defendant, the said Wells; that the said $25 has not been paid, but is still due and owing. The judgment demanded was a judgment for the said sum of $25 and costs against the defendant, Wells, and that said judgment be declared a lien on said black colt now in the possession of the defendant, Geddes. The said Wells made no answer or appearance, but the defendant, Geddes, appeared and filed a general denial of the allegations of the complaint. The action was heard by an agreement of parties by W. H. Seal, magistrate, without a jury. When the complaint was read in open court, the attorney for the plaintiff moved to amend his complaint by changing the words *June 1st*, to *April 21st*. Over the defendant's objection, the amendment was allowed. After witnesses for the plaintiff had testified, and arguments of counsel, there having been raised some question as to the stallion of plaintiff being a "stock horse," as referred to in section 2523 of the Civil Statutes of this State, the magistrate recalled J. J. Harby, and he testified to the facts necessary to show that

his stallion was a "stock horse," and also to show that Geddes had actual notice of the service of said stallion when he purchased the mare after such service. The magistrate then rendered his judgment against the defendant for the sum of $25, and decreed that such said sum was a lien upon the black colt then in possession of the defendant, Geddes. An appeal was taken therefrom, which came on to be heard by Judge Townsend, who, on 11th June, 1897, adjudged that said appeal be dismisssd, and remanded the case to the magistrate's court for such further proceedings as may be necessary.

The defendant, Geddes, now appeals to this Court, but we cannot review any questions of fact—this being a case on the law side of the Court; and, therefore, we will not reproduce any of those questions, but confine ourselves to the points of law raised by the appeal. First. It is urged that the magistrate erred when he allowed the plaintiff to amend his complaint by changing the date, 1st of June, to 21st April, before the trial had proceeded beyond the point where the complaint had been read. This exception cannot be sustained; for in express terms amongst the rules to regulate magistrates, as found in subdivision 11 of section 88 of the Code of Procedure of this State, it is provided: "The pleadings may be amended at any time before the trial, or during the trial, or upon appeal, when by such amendment substantial justice will be promoted * * *" The defendant did not ask for any delay in the trial because of this amendment, as required by the subdivision just quoted.

2. It is excepted that: It was error to refuse defendant's motion for a nonsuit on the ground that there was no testimony that the contract for the service by plaintiff's stallion was made with the owner of the mare. An examination of the testimony shows the presence of such testimony. Its sufficiency cannot be tested by us, but that duty belongs to the magistrate in the first instance, and then to the Circuit Judge.

The fourth exception alleges error, because the contract for the service of the stallion was not in writing. Section 2523 reads as follows: "The owner of any stock horse, jack, bull, boar or ram, kept by·him for the purpose of raising from, having a claim by contract against the owner of any mare or cow or other stock for service, shall have a prior lien on the issue of such mare, cow or other stock for the amount of such claim: Provided, an action shall be instituted to enforce such claim, by suit before a trial justice or other officer having jurisdiction, within twelve months from the time such claim shall have accrued." A contract may be made by parol as well as in writing, under this statute, and it was not error to so hold.

The seventh exception alleges error: "Because there was no evidence to show that the action to enforce said lien was instituted within twelve months from the time the said alleged claim of the plaintiff accrued." Now, if the appellant means that no witness swore that from the 21st day of April, 1896, to the 7th day of March, 1897, was not twelve months (upon the theory that a mare carries her colt for twelve months); or, again, that no witness swore that from the 21st day of March, 1896, to the 7th of March, 1897, was not twelve months (upon the theory that a mare carries her colt for eleven months), he is correct; but he forgets that Courts take judicial notice of the period of time embraced within fixed limits; they do not need witnesses to do this for them. Thus, J. J. Harby swore that the mare was impregnated on 21st April, 1895; that a mare carried her colt for between eleven and twelve months. If it is assumed that this mare carried her colt for twelve months, the colt was foaled 21st April, 1896. Suit was commenced 7th March, 1897—within twelve months from the accrual of claim under the contract to insure colt; or, if it is assumed that this mare carried her colt eleven months, the colt was foaled 21st March, 1896. Suit was

brought on 7th March, 1897, within the twelve months provided by the statute. This exception is overruled.

8. Appellant claims that the Circuit Judge erred in not holding that the magistrate, after argument was finished, had no right, in order "to satisfy the mind of the Court thoroughly," to recall witness, J. J. Harby, and ask him if he kept his stallion as a "stock horse." The witness in effect had so testified previously, when he stated that he kept his stallion at the livery stable of H. Harby, in Sumter, and that he served the mare in question at that stable for hire. So we see no error in the magistrate in this particular.

9. Appellant claims the Circuit Judge erred in not holding that the form of the magistrate's judgment was defective, because, by the terms employed, it might be held that a judgment was rendered against Geddes and not Wells, for the sum of $25. We think the judgment might have been more definite in its terms in this particular; but still, judgments are construed with reference to the pleadings, and certainly in the plaintiff's complaint, which was in writing, he only asked a judgment for $25 against the defendant Wells, and that such judgment should be declared a lien upon the colt in the possession of Geddes.

10. It is claimed that the Circuit Judge should have decided that the magistrate should not have considered the testimony taken by him after the argument was closed, in deciding upon the motion for a nonsuit. We have just held that the magistrate did not err in taking this testimony. This being so, we are unable to see that the magistrate committed any error in weighing the effect of this testimony. This disposes of the eleventh exception also.

12. This relates to a supposed error of the Circuit Judge, when he held, in effect, that the magistrate's judgment for $25 did not operate as a money judgment against the defendant, Geddes, but only was a lien on the colt in his possession. We think the Circuit Judge was right in his construction of the magistrate's judgment; it

only binds, to the extent of $25, the colt now owned by and in the possession of the defendant, Geddes, and is not a money judgment against Geddes.

13. It is alleged in this exception that no judgment should have been rendered which declared that there was a lien to the extent of $25 upon the colt in Geddes' ownership and possession, because he had no notice of any lien existing, statutory or otherwise. We cannot adopt this view. Mr. Geddes was bound to take notice of the statute; he had actual notice that the plaintiff's stallion had served the mare when he bought her.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY, *concurring in result.* The cause of action to foreclose the statutory lien on the colt and satisfy the amount alleged to be due, was not on the *law* side of the Court, but was a case "in chancery." Under section 21, art. V., of the new Constitution, the magistrate did not have jurisdiction, as it was a case "in chancery." It is true, the objection to the jurisdiction of the Court may be interposed at any time, and even by this Court, in the first instance; but, although it has the power, it is not compelled to exercise it on its own motion. The appellant having failed to object to the jurisdiction of the magistrate, and as substantial justice has been done, I concur in the result announced by the opinion of Mr. Justice Pope.

MR. JUSTICE JONES concurs in result.