7347

## HOLLADAY v. HODGE.

1. AMENDED PLEADINGS—MAGISTRATE COURT—SERVICE.—It is not necessary that a complaint in magistrate court amended by permission of the court in court after demurrer overruled should be served on defendant.

2. APPEAL—WRIT OF PROHIBITION.—Remedy for party who leaves magistrate court after objection to jurisdiction is overruled is by appeal from judgment of magistrate. Office of writ of prohibition stated.

Before WILSON, J., Clarendon, September, 1908. Reversed.

Petition for writ of prohibition by defendant, Joseph N. Hodge, against plaintiffs, Joseph Holladay, by guardian, Minnie Simpson and Magistrate J. M. Woods. From order granting the writ, plaintiffs appeal.

*Mr. Charlton DuRant,* for appellant, cites: *Prohibition is not proper remedy:* 10 S. C., 303; 1 S. C., 46, 261; 9 Rich. L., 100, 292; 41 S. C., 29; 72 S. C., 96; 1 N. & McC., 501; 23 Ala., 94; 33 Ark., 191; 29 Pac., 516; 43 Pac., 568; 2 Nev., 75; 2 Hill, 367; 36 Barb., 341; 29 How. Pr., 176; 51 Barb., 312; 23 N. Y. Wkly. Dig., 137; 13 Pac., 87; 11 Wis., 50; 3 N. Y. Cr., 335; 19 S. E., 376; 35 La. Ann., 236; 2 Hill, 367; 2 Bail., 560; 4 Rich. L., 513; 17 S. C., 80; 109 U. S., 174; 24 Ala., 98; 47 Col., 81; 4 Col., 95; 5 Ky. L. R., 713; 38 La. Ann., 377; 34 La. Ann., 611; 17 Miss., 623; 87 Mo., 533; 2 Nev., 75; 19 Abb. Pr., 136; 79 N. Y., 582; 7 W. Va., 91; 36 Pac., 626; 3 Rich. L., 111; 23 Ala.,

94; 34 Ala., 455; 58 Ala., 536; 26 Ark., 51; 33 Ark., 191;
58 Col., 177; 37 Pac., 191; 17 Fla., 63; 26 S. W., 8; 4
Rob., 48; 14 La. Ann., 504; 16 La. Ann., 185; 29 La. Ann.,
360; 32 La. Ann., 1092; 33 La. Ann., 923, 1284; 34 La.
Ann., 782; 43 La. Ann., 1185, 1193; 4 Minn., 275; 8 Mo.,
252; 7 Wend., 518; 34 How. Pr., 147.

*Mr. L. D. Jennings,* contra, cites: *When writ may be
granted:* Code 1909, 2736; 23 Ency., 214; 1 Bail., 296.
*Copy of amended complaint must be served:* Code of Proc.,
169, 88 sub. 16; 35 S. C., 336; 36 S. C., 463.

October 28, 1909.  The opinion of the Court was deliv-
ered by

MR. JUSTICE HYDRICK.  This action was brought in the
court of a magistrate to recover the value of services ren-
dered by plaintiff to defendant.  The case was called for
trial on September 2, 1908.  The defendant appeared and
demurred to the complaint for insufficiency, in that it
appeared that plaintiff was an infant, and it did not appear
that his father and mother were dead, or that they had
refused to furnish him a home and living, or that he was
forced to earn his own living, or that his parents had waived
their right, in any way, to his services and earnings.  The
magistrate sustained the demurrer, but, against the objec-
tion of defendant's attorney, allowed the complaint to be
amended by making Minnie Simpson, plaintiff's mother,
a party, and alleging the death of his father.  The defend-
ant made affidavit that he was surprised by the amendment,
and was not prepared to go to trial on the amended com-
plaint, and asked for a continuance until a later date.  The
motion was granted, and the trial was set for September
4th.  When the case was called for trial, on September 4th,
the defendant appeared specially for the sole purpose of
objecting to the jurisdiction of the Court, on the ground
that the amended complaint had not been served on him.

The Court overruled his objection, and ordered the trial on. The defendant withdrew. The plaintiff proved his case, and the magistrate gave judgment in his favor for $48.

The defendant obtained from his Honor, Judge Wilson, a rule requiring the magistrate and the plaintiff to show cause why a writ of prohibition should not issue, on the ground that the magistrate had no jurisdiction. On hearing the return to the rule, his Honor held that the magistrate had no jurisdiction and issued the writ. The plaintiff appealed.

Section 88 of the Code provides the rules which shall be observed in magistrates' courts. The following subdivisions of that section are pertinent:

Subdivision 2. "The pleadings may be oral or in writing; if oral, the substance of them shall be entered by the magistrate in his docket; if in writing, they shall be filed by him, and a reference to them shall be made in the docket."

Subdivision 6. "Either party may demur to a pleading of his adversary, or to any part thereof, when it is not sufficiently explicit to enable him to undertsand it, or it contains no cause of action or defense, although it be taken as true."

Subdivision 7. "If the Court deem the objection well founded, it shall order the pleading to be amended; and if the party refuse to amend, the defective pleading shall be disregarded."

Subdivision 11. "The pleadings may be amended at any time before the trial, or during the trial, or upon appeal, when, by such amendment, substantial justice will be promoted. If the amendment be made after the joining of the issue, and it be made to appear to the satisfaction of the Court, by oath, that an adjournment is necessary to the adverse party, in consequence of such amendment, an adjournment shall be granted. The Court may also, in its discretion, require, as a condition of an amendment, the payment of costs to the adverse party."

The foregoing provisions of the Code show clearly that the magistrate had power to grant the amendment. They also show that it was the intention of the legislature that the procedure in these courts should be simple and summary, with only so much delay as may be necessary to a just and fair trial. The defendant was fully advised by the complaint, which had been served on him more than twenty days before, of the nature of the plaintiff's claim. Under subdivision 11, *supra,* if an amendment be allowed after the joining of an issue, to obtain an adjournment of the trial, it must "be made to appear to the satisfaction of the Court, by oath, that an adjournment is necessary to the adverse party, in consequence of such amendment." This language, taken in connection with the provision that the pleadings may be oral, preclude the idea that it was intended that the pleadings should be served on the adverse party after amendment. Of course, under the provision above cited, the magistrate will exercise discretion to the end that no prejudice shall result to litigants by allowing amendments to the pleadings. If one party is surprised by an amendment allowed, and makes it so appear, by oath, to the satisfaction of the Court, he should be given ample time to prepare to meet the amended pleading, whether written or oral, but there is no law requiring that he should be given any particular time. The time allowed should be more or less according to the circumstances. In this case we see no reason why the trial should not have been proceeded with at once, after the amendment, for the defendant did not make it appear that he proposed to contest the allegation of the fact that Minnie Simpson was the plaintiff's mother, and that his father was dead, and was not prepared to meet those allegations. *Harby* v. *Wells,* 52 S. C., 156, 29 S. E., 563 ; *Medicine Co.* v. *Hare,* 56 S. C., 456, 35 S. E., 130.

The writ of prohibition is an extraordinary prerogative writ, as old as the common law itself. It lies to prevent the encroachment, excess, or improper assumption of jurisdic-

tion on the part of an inferior court or tribunal. But where the inferior court has jurisdiction of the person and subject-matter, the writ does not lie to prevent an erroneous decision, or to prevent the enforcement of an erroneous judgment. It does not lie to correct errors; nor is it allowed, even in cases of usurpation or abuse of power, unless existing remedies are inadequate or inapplicable. When the encroachment, excess, or improper assumption of jurisdiction, can be corrected by appeal, writ of error, on *certiorari,* or prohibition will not lie. In this case the defendant had an adequate remedy by appeal. It was therefore, error to grant the writ of prohibition. *State v. Nathan,* 4 Rich., 513; *State v. C. & A. R. R.,* 1 S. C., 46; *State v. Fickling,* 10 S. C., 301; *State v. Kirkland,* 41 S. C., 29, 19 S. E., 215; *Franklin v. Raborn,* 60 S. C., 99, 39 S. E., 260.

Judgment reversed.