### JORDAN v. WILSON.

1. Injunction.—The Jurisdiction to issue a temporary injunction rests on the status of the case at its date and not on status at time of issuance of rule to show cause and restraining order.
2. Ibid.—Ibid.—A Circuit Judge has jurisdiction to grant a temporary injunction without notice and before summons is served or lodged for service, to be served in a reasonable time with summons and other papers, and another Circuit Judge has no power to dissolve it.

Before Gary, J., Florence, June, 1903. Reversed.

Action by Hewitt P. Jordan against Thomas Wilson. From order dissolving temporary injunction, plaintiff appeals.

*Messrs. Moise & Clifton* and *S. W. G. Shipp,* for appellant.

*Messrs. Willcox & Willcox,* contra, cite: Code, 241, 242, 160; 19 S. C., 526; 64 S. C., 405; Code, 1902, 2733.

June 13, 1904. The opinion of the Court was delivered by

Mr. Justice Jones. This appeal is from an order by Judge Gary, dated June 26, 1903, dissolving a temporary order of injunction made herein by Judge Purdy on June 1st, 1903, the ground for dissolving said injunction being that it "was granted before action was commenced and not upon notice."

The controlling question presented by the several exceptions is whether Judge Purdy's order of June 1st was without jurisdiction. The summons was attested by the clerk and dated April 23, 1903, and on same day Judge Purdy signed an order requiring defendant at time and place named to show cause why a temporary order of injunction should not be granted pending the suit, and also pending the hearing of the motion restraining defendant, his agents, &c., from doing the acts complained of in the complaint. On the 24th day of April, 1903, the summons, together with the complaint and the rule and restraining order, were simultaneously served upon the defendant. The defendant thereafter, without raising any question as to the defect now complained of, answered the complaint and made return to the rule to show cause, which resulted in the order of Judge Purdy.

It is contended, in support of Judge Gary's order of dissolution, that Judge Purdy's restraining order of April 23, continued by the order of June 1, was void because issued without notice and before the action was commenced.

1    This contention assumes that the order of June 1, continuing the order of April 23, depends as matter of jurisdiction upon the validity of the order of April 23, but this is a fundamental mistake. The restraining order of April 23 merely restrained pending the hearing of the rule to show cause, and was superceded by the order of June 1, which was intended to operate pending the litigation on the merits. It is true, the order of June 1, in terms, orders "that the temporary restraining order (of April 23) be and

17—69

the same is hereby continued of force pending the hearing of this cause on its merits, and until the further order of this Court, restraining the defendant, his agents and servants, from doing or committing any of the acts complained of in the complaint;" but the legal effect of this is merely to grant a temporary injunction pending the suit and dating from June 1st, the order of April 23d becoming *functus officio.* The jurisdiction to pass the order of June 1st depends upon the status as it existed on that date. At that time the summons and complaint had been served. The rule to show cause was in effect a notice of application for a temporary injunction; so that on June 1st, not only had the action been commenced, but notice of application for injunction had been given for the usual period.

The power to grant the restraining order of April 23 is, therefore, not squarely before us; but let us examine that question as a matter of practice. Sec. 241 of the Civil Code of Procedure provides, "The injunction may be granted *at the time of commencing the action,* or at any time afterwards before judgment, upon its appearing satisfactorily to the Court or Judge, &c." Sec. 242 provides that "An injunction shall not be allowed after the defendant shall have answered, unless upon notice or upon an order to show cause; but in such case defendant may be restrained until the decision of the Court or Judge granting or refusing the injunction." Sec. 244 provides, "If the Court or Judge deem it proper that the defendant or any of several defendants should be heard before granting the injunction, an order may be made requiring cause to be shown at a specified time and place why the injunction should not be granted; and the defendant may in the meantime be restrained." It is manifest, therefore, that such *interim* restraining order may be made without notice. *Watson* v. *Savings Bk.,* 5 S. C., 159; *Meinhard* v. *Youngblood,* 37 S. C., 227, 16 S. E., 771.

It is argued, however, that civil actions are commenced by the service of a summons as provided in sec. 148, or at least by lodging the summons with the sheriff or other officer,

with intent that it shall be actually served, as provided in sec.
120, Civil Code Procedure, and that the Judge had no juris-
diction on April 23 to issue restraining order prior to the
service or lodging for service of the summons.   Sec. 160 of
the Code Procedure, however, provides, "From the time of
the service of the summons in a civil action *or the allowance
of a provisional remedy,* the Court is deemed to have ac-
quired jurisdiction and to have control of all subsequent pro-
ceedings, &c."   It thus appears that jurisdiction may begin
at the time of the allowance of a  provisional remedy.   The
restraining order of April 23 was a provisional remedy.

Moreover, by sec. 241, Code Procedure, it is expressly
provided that injunction may be granted at the time of the
commencement of the action.   If the action is commenced by
service of the summons, then the statute permits the granting
of an injunction simultaneously with the service of the sum-
mons, or with a lodging of the summons with an officer for
service, if that be deemed a commencement of the action.
Viewing the matter from a practical standpoint, it is not
reasonable to suppose that the legislature meant that the
preliminary injunction should be signed simultaneously with
the service or lodging for service of summons, in order to
be granted *at* the commencement of the action; on the con-
trary, it would seem to be clear that such injunction might
be granted on presentation to a judge of the summons and a
proper complaint or proofs, a reasonable time before actual
service or lodging for service of the summons, with a view
that such order may be served along with the summons.
Any other construction would practically deny the statutory
right to an injunction *at* the commencement of the action;
for it is not conceivable that a judge can always be available
to grant an injunction at the moment of service of a sum-
mons.   The statute can only be fully met by permitting an
injunction order to be served with the summons, necessarily
involving the signing of the order before such service.   In
10 Ency. Pl. & Pr., 1026, it is stated that there is no objection
to the service of the injunction and subpœna upon the de-

fendant at the same time.　The provision allowing injunction *at the commencement* of the action is not substantially different from sec. 608, Civil Code Procedure of New York, which provides that an injunction "may be granted to accompany the summons or at any time after the commencement of the action, &c."　In the case of *Daly* v. *Amberg,* 126 N. Y., 490, 27 N. E. Rep., 1038, the Court held, under said section, that an injunction granted on presentation of summons and proper complaint, &c., was not void, even though it was served on the agents of defendant previous to the service of summons on the defendant.

The Court, in reference to the case of *Leffingwell* v. *Chase,* 5 Bosw., 703, apparently with approval, said that case "was a motion to vacate an injunction because granted by the Judge before the summons in the action was served.　Sec. 220 of the Code of Procedure, under which the case arose, provided that 'the injunction may be granted at the time of commencing the action or at any time afterwards before judgment.'　It was held that an injunction granted before the summons was served was regular and could not be set aside on motion."

It is often important to the administration of justice that a judge should have the right to issue an injunction order before actual service of the summons, as a prior service of the summons, looking to injunction, might hasten or aggravate the very evil designed to be prevented.　It may be said this may be avoided in large measure by merely lodging the summons with an officer for service, as provided in sec. 120, Code Procedure, and then immediately making application for injunction, as is the practice by some.　In the first place, it is doubtful if sec. 120 in this regard applies except in cases where the statute of limitations is involved.　Besides, a party is not compelled to have process served by the sheriff or other officer, but may desire to exercise his right to have service made by some other person not a party to the action, as was in fact done in this case.　The practice adopted in this case was not improper.

But even if we are wrong in this, the worst that could be said as to procuring an order of injunction before the service of the summons or before lodging the summons for service, is that it is an irregularity. Such irregularity would not make the order so procured void after service with the summons upon the defendant. Instead of moving to correct such irregularity during the pendency of the hearing of the motion for injunction, defendant answered to the merits and made return to the rule, resulting in the order of June 1, without having raised any such objection, and thereby waived the same.

. In so far as it is sought to sustain the order of Judge Gary on the ground that the facts stated in the complaint did not present a case for injunction, as applied in *Ex parte Jeter,* 64 S. C., 406, it is sufficient to say that such question is concluded against appellant by the decision of this Court in the case of *Jordan* v. *Wilson,* recently filed, in which this Court sustained an order of Judge Purdy declining to set aside this same order of June 1, 1903. Judge Purdy having jurisdiction to grant the order of June 1, Judge Gary was without authority to dissolve the same.

The order of Judge Gary appealed in this case is, therefore, reversed and set aside.