## RILEY v. TOWN OF GREENWOOD.

1. CITIES AND TOWNS—ORDINANCES.—Where a complaint alleges that an ordinance authorized the mayor to remove any obstructions in or along a certain alleyway and that the mayor has had a fence of

plaintiff's along that alleyway torn down, it alleges a connection between the acts of the officers and the ordinance.

2. TORT—IBID.—EQUITY.—An action to have an ordinance declared *ultra vires* and to have the town authorities enjoined from enforcing it, and alleging injury to plaintiff's property from its enforcement, is not an action on tort, but for equitable relief.

3. CITIES AND TOWNS—IBID.—An ordinance instructing the officers of a town to remove an obstruction along an alleyway at a point at which it had not acquired an easement, is illegal.

4. IBID.—IBID.—PROHIBITION is not the proper remedy for relief from an ordinance which is an attempt to take private property without compensation and without due process of law.

5. IBID.—EQUITY—INJUNCTION.—Where a municipal corporation is attempting to carry into effect an ordinance by the removal of a fence along an alleyway as often as placed there, there is a continuing menace to the rights of plaintiff and such acts can be made the basis of equitable relief.

Before WATTS, J., Greenwood, April, 1905.   Affirmed.

Action by S. J. Riley against Town of Greenwood, and its Town Council. From judgment overruling demurrer, defendants appeal.

*Mr. F. Barron Grier,* for appellants, cites: *Municipal corporation cannot be sued for damages except under some statute:* 44 S. C., 172.  *Town is not liable for tort of its officers:* 44 S. C., 172; 58 S. C., 63; 1 Hill, 570; 42 S. C., 30.  *Plaintiff's remedy is prohibition:* 23 Ency., 2 ed., 196; 14 S. C., 427; 1 Mills Con. R., 55; 2 Spears, 761; 41 S. C., 35; 1 S. C., 261; 66 S. C., 203.

*Messrs. Johnstone & Cromer* and *McGhee & Richardson,* contra, cite: *Plaintiff has no plain and adequate remedy at law:* 68 S. C., 163; 58 S. C., 60; 44 S. C., 172; 5 Wall., 79; 3 Pet., 215; 3 Pom. Eq. Jur., 388; 10 Ency., 877; 1 Bald., 142.  *Enforcement of ordinance will be sustained:* 60 S. C., 9; High on Inj., 3 ed., 974; 10 Ency., 959; 17 Ency., 269-70; High on Inj., secs. 1236, 1247, 1271, 1275.  *Injury complained of is a continuing tort which equity will relieve against:* Con., art. I., secs. 5, 17; Code, 1902, 1396; 42 S. C., 293; 10 Ency., 879, and note; 68 S. C., 177; 54 S. C.,

199; 10 Ency., 959; 60 S. C., 391; 54 S. C., 430; Code, vol. 2, 240; 69 S. C., 156; High on Inj., 3 ed., sec. 702. *Prohibition will not lie:* 23 Ency., 2 ed., 196-7; 41 S. C., 29.

July 4, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order overruling a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The following statement appears in the record: "This action was instituted for the purpose:

"1st. Of having an ordinance of the town of Greenwood declared *ultra vires,* and enjoining defendants from undertaking to enforce the same.

"2d. To enjoin the defendants from undertaking to exercise any control over her land on which she erected a fence as alleged in the complaint.

"3d. To enjoin defendants from interfering with the use and control of her land upon which the said fence was erected."

The complaint (omitting the formal parts thereof) alleges: "That an alley, twelve feet wide, owned by the plaintiff, Durst and Matthews, and others, runs from the public square in an easternly direction, back to her lot of land above described; that from the eastern terminus of this alley, 107 feet from the public square, a road of the same width and in the same direction leads across her said lands to her livery stables on the same; and that the said alley has for years been used by the tenants and customers of her said livery stables, and by the occupants of the adjacent property of Durst and Matthews and their customers. That prior to the date hereinafter stated, and for the purpose of maintaining and protecting her rights in her said property and preventing the unauthorized use of the same by persons traveling to and from the rear of the store on the said lot of Durst and Matthews, owned by the defendant, J. K. Durst, and others, she erected a fence on her said lot, along the northern side of the road above described as leading

from the terminus of the said alley to her livery stables, the said fence running from · the terminus of the said alley, parallel with said lot of Durst and Matthews, but being solely on her said land.

"That on the 10th day of June, 1904, the said town council of Greenwood passed an ordinance as follows: 'Be it ordained by the town council of Greenwood:

" '1st. That the public alleyway leading from the public square to the old stables owned by Mrs. S. J. Riley, in the town of Greenwood, is hereby required to be kept open and free from obstructions of any kind.

" '2. That the free use and enjoyment by the public of said public alleyway mentioned in section 1 hereof, must not be interfered with or obstructed in any wise, and any person or persons who shall obstruct the said alley in any way or interfere with the free use thereof shall be fined not less than $5 nor more than $100, or be imprisoned not less than three days nor more than thirty days.

" '3. The mayor of the town of Greenwood is hereby directed and required to remove any obstruction placed in said alleyway, or any obstruction along the same which tends to interfere with the free use thereof.'

"That the defendants, acting under authority attempted to be conferred by the said ordinance, unlawfully entered upon said land, and by their servants and agents with force and violence tore down and destroyed her said fence.

"That the alley mentioned in the said ordinance is that described in the third paragraph of this complaint; that it has never been dedicated to the public, and the public has acquired no right to it by deed or otherwise; that it has not been subject to the control of the defendants or of the public; and that the fence was not in the alley and did not obstruct the same.

"That the conduct of the defendants in passing the said ordinance and in destroying her fence was an arbitrary attempt to deprive her of her property without due process

of law and for the benefit of private individuals, and that the said ordinance is *ultra vires* and void.

"That the constant menace of the said ordinance, backed by the police authority of the defendants, denies to her the quiet and peaceable use and enjoyment of her said property, guaranteed by the Constitution; leaves her without any adequate remedy at law; and warrants the intervention of this Court in her behalf."

The first ground of demurrer was as follows:

"1. The allegations of the complaint show that the alleged fence was not in or upon the alleged alleyway mentioned and referred to in the ordinance set out in the complaint; that the said fence is wholly upon the private property of the plaintiff in this action, and the ordinance of the town of Greenwood, set out in the complaint, shows upon its face that it refers entirely to an alleyway of the said town without reference to any private property of the plaintiff, and the facts stated in the complaint, therefore, fail to show any connection whatever between the alleged action of the officers and agents of the said town and the said ordinance under which they are alleged to have acted."

The ordinance assumes as a fact that the public alley extends all the way back to the plaintiff's stables; and it provides against obstructions in or along the alley at any point before it reaches the stables. The provision by which the mayor is "required to remove any obstruction placed in said alleyway, or any obstruction along the same, which tends to interfere with the free use thereof," clearly shows that the ordinance contemplated that the free use of the alley should include the right to turn aside from it. In short, it shows that it was intended to prevent such an obstruction as the plaintiff's fence along the alley, at any point before reaching the stables, in order that the public might be enabled to turn aside from the alley. It can not, therefore, be successfully contended by the appellant that the fence was on the plaintiff's land, and that there was no

connection between the ordinance and the acts of its officers in removing the fence as an obstruction.

The second ground of demurrer was as follows: "2. The complaint shows upon its face that the ordinance of the town required the alleyway to be kept free from obstructions, but fails to show that it in any wise authorized or required its officers or agents to interfere with the private property of this plaintiff, and in alleging that its officers and agents did so interfere with said private property, the complaint charges a tort on the part of the said officers and agents for which this defendant is in no wise responsible."

It is only necessary to refer to the statement hereinbefore mentioned relative to the purposes of the action, to show that this is not an action for damages arising from tort, but for equitable relief. It is true, the destruction of the fence was connected with the plaintiff's alleged injury to her rights, but it was merely incidental, and was not relied upon as the foundation of her action.

The third ground of demurrer was as follows: "The allegations of the complaint show a tort on the part of certain individuals, for which this defendant is not responsible." This ground is disposed of by what was said in considering the other grounds.

The fourth ground of demurrer was as follows: "The ordinance, set out in the complaint, shows on its face that it is a valid ordinance, properly passed, and relates to a public alleyway of the town of Greenwood, over which the defendant has full control." If the facts alleged in the complaint are true, that the plaintiff is owner of the land upon which the fence was erected, and that it was not subject to a public easement, then the ordinance was illegal, on the ground that it, in effect, undertook to acquire an easement without just compensation being first made therefor, as required by the Constitution (art. I., sec. 17) ; and was likewise inimical to art. I., sec. 5, of

the Constitution, which provides that a person shall not be deprived of his property without due process of law.

The fifth ground of demurrer is as follows: "The allegations of the complaint show that the plaintiff has a full, complete and adequate remedy at law for all of the acts complained of and set out in the said complaint."

It is contended by the appellant that prohibition was the appropriate remedy, under the facts alleged in the complaint. The alleged vice in the ordinance was not based on the ground that the municipality did not have power and jurisdiction to enact ordinances generally, in regard to the streets and alleys, but on the ground that the ordinance in question was illegal, as an attempt on the part of the appellant to take the property of the plaintiff without compensation, and to deprive her of her property without due process of law. Under such circumstances, prohibition is not the appropriate remedy. *State ex rel. Gibbes* v. *Kirkland,* 41 S. C., 29, 19 S. E., 215.

The sixth ground of demurrer was as follows: "The allegations of the complaint show a trespass on private property by the officers and agents of this defendant, for which it is not liable, and do not connect the alleged acts in any wise with the ordinance of this defendant." This ground has already been disposed of.

The seventh ground of demurrer was as follows: "The facts stated in the complaint fail to show any equity whatever, and plaintiff's complaint is without equity and does not entitle plaintiff to injunctive relief, or to any relief whatever against this defendant." When a municipal corporation is attempting to carry into effect an illegal act, it may be enjoined, if there are grounds for equitable interference. *Vesta Mills* v. *Charleston,* 60 S. C., 1, 38 S. E., 226; *Wilkins* v. *Gaffney,* 54 S. C., 199, 32 S. E., 299. The requirement in the ordinance for the mayor to remove any obstruction which tends to interfere with the free use of the alley, contemplated the removal of obstructions as often as they were placed in or along the

alley. It was, therefore, a continuing menace to the rights of the plaintiff, as alleged in the complaint, and could properly be made the basis of equitable relief. *McClellan* v. *Taylor,* 54 S. C., 430, 32 S. E., 527; *Ragsdale* v. *R. R.,* 60 S. C., 381, 38 S. E., 609; 3 Pom.. Eq. Jur., sec. 1345.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.