## 7593

### KELLY v. TINER.

INJUNCTION.—Where an action is brought solely to obtain an injunction, a Circuit Judge should entertain a motion to dissolve a temporary injunction and should consider the answer of the defendant and his proposed affidavits in determining whether the injunction was reasonably essential to the protection of plaintiff's rights.

Before KLUGH, J., Darlington, October, 1909.   Reversed.

Action by Elias Kelly and Burrell J. Kelly against John Tiner.   From Circuit order refusing motion to dissolve temporary injunction, defendant appeals.

*Messrs. Miller & Lawson,* for appellant cite: *Judge could have vacated the injunction:* 246, Code Proc.; 69 S. C., 159, 52; 27 S. C., 415; 33 S. C., 410; *and he should have done so:* 16 Ency., 431.  *Indictment is proper remedy:* 81 S. C., 370; 1 Hill, 367; 5 Rich., 590; 30 S. C., 646; 46 S. C., 336; 48 S. C., 560; 49 S. C., 130; 54 S. C., 250; 83 S. C., 292; 80 S. C., 515; 3 S. C., 438.  *Equity will not grant relief in such case:* 3 L. R. A. (N. S.), 483; 8 Or., 141; 15 Lanc. L. Rev., 99; 58 L. J. Ch. (N. S.), 549; *Complaint states no cause of action:* 240, Code Proc.; 10 Ency. P. & P., 1044; 27 S. C., 408; 81 S. C., 392; 44 S. C., 256; 33 S. C., 412.

*Messrs. McLaughlin* and *Tatum,* contra, cite: *Allegations justify an injunction:* 54 S. C., 439.  *Circuit Judge cannot dissolve temporary injunction:* 54 S. C., 473; 75 S. C., 221; 69 S. C., 159; 84 S. C. *R. R.* v. *McCullough:* 51 S. C., 433; 60 S. C., 568; 84 S. C., 53.

June 28, 1910.   The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an appeal from an order refusing to dissolve a temporary injunction.

The question raised by the exceptions, upon which the others are dependent, is, whether his Honor, the Circuit Judge, erred in ruling, that under the case of *Cudd* v. *Calvert,* 54 S. C., 457, 32 S. E., 503, he was without authority to entertain the motion to dissolve the injunction. In the case of *Cudd* v. *Calvert,* 54 S. C., 457, 32 S. E., 503, upon which the Circuit Judge based his ruling, the Court uses this language: "It seems to us that where, as in this case, the action is brought solely for the purpose of obtaining an injunction, and where, if the facts alleged in the complaint are found to be true, a proper case for injunction would be presented, it is error to dissolve a temporary injunction upon a mere motion, heard upon affidavits, as that would deprive the plaintiff of his legal right to have the facts determined in the manner provided by law, instead of by affidavits—a most unsatisfactory mode of eliciting the truth." Section 246, of the Code, is as follows: "If the injunction be granted by the Court, or a Judge thereof, without notice, the defendant, at any time before the trial, may apply upon notice to the Court, or a Judge thereof, in which the action is brought, to vacate or modify the same. The application may be made upon the complaint and the affidavits, on which injunction was granted, or upon affidavits upon the part of the defendant, with or without the answer."

The rule is thus stated in *Marion Company* v. *Tilghman Company,* 75 S. C., 220, 55 S. E., 337, and affirmed in *Boyd* v. *Trexler,* 84 S. C., 51:

"When the sole purpose of an action is for an injunction, and a temporary injunction is essential to the assertion and preservation of a legal right, if established as alleged in the complaint, it would be error to refuse, or to set aside a temporary injunction. *Alderman* v. *Wilson,* 69 S. C., 159, 48 S. E. Rep., 85, and cases cited therein. This, however,

11—86

does not mean that a right to a temporary injunction *pendente lite,* follows automatically, if the complaint states a cause of action for injunction. The Court should consider the showing made in opposition thereto, and must determine in view of all the circumstances, subject to review by this Court, whether the injunction is reasonably essential to protect the legal right of plaintiff, pending the litigation, as was done in *Northrop* v. *Simpson,* 69 S. C., 554, 48 S. E. Rep., 613."

. Thus showing that the Circuit Judge should have entertained the motion, and should have considered the answer of the defendant and his proposed affidavits, in determining whether the injunction was reasonably essential to the protection of the plaintiff's rights pending the litigation.

It is the judgment of this Court that the order of the Circuit Court be reversed.