11954

HERNLEN *ET AL.* v. PEOPLE'S BANK OF ANDERSON *ET AL.*
(133 S. E., 549)

PLEADING—JUDGE OF ANOTHER COUNTY THAN THAT IN WHICH ACTION
    WAS PENDING HELD WITHOUT JURISDICTION TO HEAR AND DETERMINE
    DEMURRER AT CHAMBERS (ACT MARCH 22, 1922 [32 ST. AT LARGE,
    P. 903]; ACT APRIL 14, 1925 [34 ST. AT LARGE, P. 94]; ACT MARCH
    7, 1921 [32 ST. AT LARGE, P. 281]; CODE CIV. PROC. 1922, § 35).—
    Under Act March 22, 1922 (32 St. at Large, p. 903), which with
    Act 1925 (34 St. at Large, p. 94), displaces Act March 7, 1921 (32
    St. at Large, p. 281), and April 14, Code Civ. Proc. 1922, § 35,
    judge of another county than that in which an action was pending
    *held* without jurisdiction to hear and determine demurrer in
    chambers.

Before JOHNSON, J., Anderson, November, 1924.   Reversed.

Action by Mrs. E. B. Hernlen and others against the People's Bank of Anderson and others.   Order sustaining a demurrer in part and overruling it in part and directing the action to be divided into two actions, and both parties appeal.

*Messrs. Watkins & Prince, A. H. Dagnall and Thos. Allen,* for defendants-appellants cite: *Joinder of actions arising out of same transaction:*   Code Civ. Pro., 1922, Sec. 430. *Subject of action defined:*   18 S. C., 115.   *Causes of action misjoined:* 64 N. Y., 177; 56 N. Y., 332; 1 Enc. of Pl. & Pr. 185.   *Several persons injured by one wrongful act have separate causes of action; may not join in one action:*   65 S. C., 122; 24 S. C., 39.   *Actions to be tried in county of defendant:*   Code Civ. Pro., 1922, Sec. 378.   *Judicial examination of issues arising on demurrer is a trial:*   61 Wis., 62; 20 N. W., 726; 8 Words & Phrases, 7096.   *When Court may divide action:*   Code Civ. Pro., 1922, Sec. 435.

*Messrs. S. G. Mayfield, J. Wesley Crum* and *R. J. Southall,* for plaintiffs-respondents, cite: *Party may not complain of misjoinder of causes unless injured thereby:* 94 S. E., 879.   *What causes of action may be joined:*   95

S. E., 344; 94 S. E., 879; 89 S. E., 813; 13 S. C., 317. *De-murrer not proper remedy for jumbling of causes:* 82 S. C., 562; 68 S. C., 257.

April 8, 1926.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Cross-appeals from an order of Hon. J. Henry Johnson, Circuit Judge, at Chambers, Walhalla, S. C., sustaining in part and overruling in part certain demurrers to the complaint, interposed by the defendant; appeal by the defendants from the order of Judge Johnson overruling the objections of the defendants to the jurisdiction of the Court to hear and determine the demurrers at Walhalla, outside of the County of Anderson; and appeal by the plaintiffs from the order of Judge Johnson dividing the action in two actions.

The action commenced on December 18, 1923, was brought by the plaintiff, Mrs. Hernlen, and 12 others, on behalf of themselves and other depositors of the People's Bank of Anderson who may elect to join with them and contribute to the expenses of the action, against the People's Bank of Anderson, and Mrs. Minnie Anderson, H. G. Anderson, estate of W. D. Anderson, and 237 other stockholders in said bank, and E. P. Vandiver, C. C. Jones, B. A. Henry, W. L. Bussey, W. H. Tucker, Fulmer Watson, and J. J. Smith, as directors of the People's Bank of Anderson. The complaint contains two alleged causes of action. The first cause of action is based upon the statutory liability of the stockholders of the bank under Section 3998 of the Civil Code, A. D. 1922. The second cause of action is one sounding in tort, against the officers and directors of the bank, for damages resulting from their alleged mismanagement and negligence in conducting the operations of the bank.

The defendants interposed a demurrer to the complaint, upon the ground that it contains two distinct and separate causes of action, improperly united; the first cause of action

being against the stockholders for their statutory liability, founded on contract, and the second being an action sounding in tort, against the officers and directors of the bank for mismanagement, and upon other grounds not necessary to be stated.

The "case" states that "upon timely notice" the demurrer was heard by Hon. J. Henry Johnson, Judge of the Fourteenth Circuit, then by assignment holding the Courts of the Tenth Circuit, at Walhalla. It also states, as does the order of Judge Johnson, that at the beginning of the hearing defendants filed an objection to the jurisdiction of the Court (the judge) to hear and determine the demurrer at Walhalla, outside the County of Anderson where the action was pending. The objection was overruled, and on November 22, 1924, Judge Johnson filed a decree sustaining the demurrer in part and overruling it in part, and directing the action to be divided into two actions under Section 435 of the Code. From this order both parties have appealed upon various grounds, none of which we deem it proper to consider other than the exception of the defendants which raises the point that Judge Johnson at Chambers, at Walhalla, in another county than that in which the action was pending, was without jurisdiction to hear and determine the demurrer.

The previous Acts upon the subject, the Act of 1921, 32 Stat. 281, Section 35 of Vol. 1, Code of 1922, and the Acts referred to in footnote to that Section, have been displaced and are covered by the Act of 1922, 32 Stat. 903 (and the Act of 1925, 34 Stat. 94, which has no application to the present inquiry).

The Act of 1922 provides:

"The Judges of the Court of Common Pleas shall have power at chambers to * * * hear and determine demurrers * * * in the same manner, in every respect as if the Court were actually sitting."

(There is manifestly an error in the punctuation of what follows: The comma after the word "sitting" should be a

semicolon, and the semicolon after the word "therein" should be a comma.) Certainly if the Court at Anderson were "actualy sitting," the judge at chambers ,in another county, would be without jurisdiction to hear and determine the matter.

It may be that under the Acts of 1921, the judge may have had jurisdiction, but that Act has been superseded by the Act of 1922, and it is clear that under the latter he would not have:

The judgment of this Court is that the order appealed from be reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS, BLEASE and STABLER concur.