13105

EX PARTE JONES *ET AL.*
JOHNSON v. JONES *ET AL.*

(158 S. E., 134)

*Messrs. Logan & Grace,* for petitioners,

*Mr. D. Gordon Baker,* for respondents.

March 31, 1931.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE MENDEL L. SMITH.

This is an application to the Court in its original jurisdiction for a writ of prohibition to prevent the Honorable S. W. G. Shipp, Judge of the Twelfth Judical Circuit, and the Court of Common Pleas of Georgetown County, from further proceedings in a cause instituted therein by the service of a summons and verified complaint on the 29th day of April, 1930, and styled *James D. Johnson, plaintiff, v. S. J. and H. J. Jones, Copartners,* doing business under the trade name and style of S. & J. Jones, Hauling Contractors.

The complaint in said cause, in substance, alleges:

That the plaintiff is a resident of the County of Georgetown, and the defendants are residents of the County of Charleston; that the action is brought in equity and in behalf of the plaintiff and all others who will come in, assist in defraying the expenses thereof, and share in the benefits to be derived therefrom; that some months prior to the commencement of the action the defendants sought from the Railroad Commission of South Carolina, and had been repeatedly refused, a franchise or license to operate express trucks for compensation between the City of Charleston and the Town of Conway in said State over State Highway No. 40, serving the City of Georgetown, the Town of McClellanville, and all villages between; that, notwithstanding such repeated refusals, and also warnings by the said Railroad Commission, the defendants thereafter began, and have continued, the operation of such express or "motor truck freight service," have solicited patronage over said route, printed, published in newspapers, and distributed to the public schedule cards announcing the arrival and departure of their trucks at and from different places along said route, and the plaintiff demands that the defendants be "enjoined and restrained from continuing to run in interference with the business of the plaintiff or his attorney on or before noon of the 10th day of May, 1930, a copy of their return with all documents and papers relied as may be just."

Based upon this verified complaint, the Honorable S. W. G. Shipp, on the 29th day of April, 1930, issued a rule against the defendants to show cause before him at his chambers, at Florence, S. C., on the 10th day of May, 1930, why the defendants "individually and as owners of the S. & J. Jones, Hauling Contractors, should not be restrained from taking any action, step or proceeding intended for, looking to, or seeking to accomplish the operation of a truck line between Charleston, S. C., and Conway, S. C., via McClellanville and Georgetown," and in the meantime restrained the defendants from the operation of their express trucks on that part of the route located in Georgetown County. The defendants were further required to serve on the plaintiff or his attorney on or before noon of the 10th day of May, 1930, a copy of their return with all documents and papers relied on.

On the 5th day of May, 1930, just five days before the return day of the rule to show cause issued by the Circuit Judge, petitioners applied to the Honorable Eugene S. Blease, Associate Justice of this Court, for a writ of prohibition to prevent any further action in said cause by the Circuit Judge and the Court of Common Pleas, upon the grounds that said Judge and Court were completely without jurisdiction of the person of the defendants and the subject-matter of the action, and that the petitioners would, in the event of the contemplated judicial action therein, sustain a serious injustice and damage in business and property, for which there was no adequate money compensation.

On the same day Mr. Justice Blease issued a rule against the said Circuit Judge, Court of Common Pleas, and the respondent to show cause before this Court on the 12th day of May, 1930, why the writ should not be granted and all further proceedings in the said cause be restrained and enjoined, and further ordered that until the further order of this Court, the said Circuit Judge and Court be restrained from further proceedings in the said cause; that the tem-

porary restraining order issued by the Circuit Judge and all further proceedings thereunder be stayed and suspended pending the return of the respondents, copies of which were ordered served on the petitioners or their attorneys at least two days before the return day.

Within the prescribed time the Honorable S. W. G. Shipp, as Judge of the Twelfth Judicial Circuit and in behalf of the Court of Common Pleas of Georgetown County, filed a return which substantially alleges:

That the complaint and order based thereon are correctly set forth in the petition for the writ: that this Court has before it the same information and knowledge that the Court of Common Pleas and Circuit Judge had at the time of the issuance of said order; that the above-named respondents have no knowledge or information as to the merits of the said cause, except as set out in the verified complaint, and have no interest whatsoever therein; that it appeared from the verified complaint that the petitioners were operating express trucks within the County of Georgetown without the permission of the Railroad Commission; that the action was brought by the plaintiff as a resident and citizen of the State of South Carolina and of the County of Georgetown for the benefit of himself and others interested in the use of the highways of said County; that said restraining order and rule to show cause were intended to be effective only as to the operation of a truck line in violation of the law in the County of Georgetown, and, if the petitioners had applied for an order requiring plaintiff in said action to file a suitable bond, an order to this effect would have been made.

The ancient prerogative writ of prohibition has been recognized and employed in the common-law system of jurisprudence for more than seven centuries, and like all prerogative writs should be used with forbearance and caution, and only in cases of necessity. It is primarily a preventive process, and is only incidentally remedial. It was originally designed to perfect the administration of justice

and for the "control of subordinate functionaries and authorities," but its principal modern use, stated generally, is to prevent the assumption and exercise of jurisdiction by an inferior Court or tribunal in cases where wrong, damage, and injustice are liable to follow such action. 22 R. C. L., pp. 4 and 5.

With regard to the function and scope of the writ, ██ it has been settled in this State from an early period that it will only lie to prevent an encroachment, excess, usurpation, or improper assumption of jurisdiction on the part of an inferior Court or tribunal, or to prevent some great outrage upon the settled principles of law and procedure; but, if the inferior Court or tribunal has jurisdiction of the person and subject-matter of the controversy, the writ will not lie to correct errors and irregularities in procedure, or to prevent an erroneous decision or an enforcement of an erroneous judgment, or even in cases of encroachment, usurpation, and abuse of judicial power or the improper assumption of jurisdiction, where an adequate and applicable remedy by appeal, writ of error, *certiorari*, or other prescribed methods of review are available. *Zylstra v. City of Charleston*, 1 S. C. L. (1 Bay), 382; *Ramsay v. Court of Wardens*, 2 S. C. L. (2 Bay), 180; *McDonald v. Elfe*, 10 S. C. L., (Nott & McC.), 501; *State v. Whyte*, 11 S. C. L. (2 Nott & McC.), 174; *Gist v. Cole*, 11 S. C. L. (2 Nott & McC.), 456, 10 Am. Dec., 616; *State v. Wakely*, 11 S. C. L., (2 Nott & McC.), 412; *Ex parte Richardson*, 16 S. C. L. (Harp.), 308; *Kinloch v. Harvey*, 16 S. C. L. (Harp.), 508; *State v. Ridgell*, 18 S. C. L. (2 Bailey), 560; *State v. Mitchell*, 18 S. C. L. (2 Bailey), 225; *State v. Commissioner of Roads* 21 S. C. L., (3 Hill), 314, 321; *State v. Hopkins*, 23 S. C. L. (Dud.), 101; *State v. Moultrieville*, 24 S. C. L. (Rice), 158; *State v. Simons*, 29 S. C. L. (2 Speers), 761; *In re. State*, 37 S. C. L. (3 Rich.), 111; *State v. Nathan*, 38 S. C. L. (4 Rich.), 513; *Cooper v. Stocker*, 43 S. C. L. (9 Rich.), 292; *Ex parte Bradley*, 43 S. C. L.

(9 Rich.), 95; *State v. Railway Company*, 1 S. C., 46; *State v. Fickling*, 10 S. C., 301; *State v. Stackhouse*, 14 S. C., 417; *Richland County v. Columbia*, 17 S. C., 83; *Hunter v. Moore*, 39 S. C., 394, 17 S. E., 797; *State v. Kirkland*, 41 S. C., 29, 19 S. E., 215; *State v. Raborn*, 60 S. C., 78, 38 S. E., 260; *Riley v. Greenwood*, 72 S. C., 90, 51 S. E., 532, 110 Am. St. Rep., 592; *Holladay v. Hodges*, 84 S. C., 91, 65 S. E., 952.

While the reference to judicial authority in support of the foregoing principles defining the use of the writ has been confined to our own decisions, it may be observed that similar views are uniformly and widely sanctioned throughout the country, and the specific application thereof has quite naturally and logically led to the conclusion announced generally in the cases that, if there exists an adequate remedy by appeal or otherwise, the writ does not lie to restrain the issuance of an injunction or the review of any order therefor, 32 Cyc., 619.

The specification of jurisdictional grounds upon which the petitioners rely to support the application for the writ are somewhat numerous, but such objections, summarized, may be thus stated: (1) That the petitioners are residents of the County of Charleston, and cannot be sued in this action in the County of Georgetown; (2) that the complaint does not allege facts sufficient to bring the cause under any recognized head of equity jurisdiction: (3) that it fails to allege any facts upon which the jurisdiction of a Court of Equity might be predicated to issue an injunction, and (4) that there is a failure of allegation essential to the granting of a temporary injunction of the kind and character issued.

The controlling inquiry, therefore, is whether the allegations of the complaint show such jurisdictional defects, consequent damage, and absence of adequate and applicable remedy by appeal in case of adverse decision in the particulars above indicated as will warrant the issuing of the

writ. The consideration of the Court will now be directed to these objections.

Under the provisions of Section 378 of the Code of ██ Civil Procedure 1922, it is provided that, except in cases contemplated in the preceding and certain subsequent sections, the civil "action shall be tried in the county in which the defendant resides at the time of the commencement of the action."

Although the language of the Act is mandatory, and places exclusive jurisdiction within the county of residence (*Blakely v. Frazier*, 11 S. C., 122; *Trapier v. Waldo*, 16 S. C., 276; *Steele v. Exum*, 22 S. C., 276; *Bacot v. Lowndes*, 24 S. C., 392; *Ware v. Henderson*, 25 S. C., 385; *Bell v. Fludd*, 28 S. C., 313, 5 S. E., 810), the Court is fully empowered under the provisions of Section 382 of the Code to change the place of trial, among other grounds, where the county designated in the complaint is not the proper county, and, while the Court has no jurisdiction to try the cause on its merits in the wrong county, even where no demand has been made for the removal of the cause to the proper county (*Tate v. Blakely*, 21 S. C. L. (3 Hill), 298; *Ware v. Henderson, supra; Trapier v. Waldo, supra; Bacot v. Lowndes, supra; Ex parte Furniture Company*, 49 S. C., 30, 27 S. E., 9; *Nixon v. Insurance Company*, 74 S. C., 438, 54 S. E., 657; *Silcox v. Jones*, 80 S. C., 488, 61 S. E., 948), it has jurisdiction at chambers (*Castles v. Lancaster County*, 74 S. C., 512, 55 S. E., 115), to order the place of trial changed to the property county (*Steele v. Exum, supra; Manufacturing Company v. Sanders*, 26 S. C., 70, 1 S. E., 159; *Bell v. Fludd, supra*), and it is its imperative duty to do so upon proper showing. *Blakely v. Frazier, supra.*

It has even been held in some jurisdictions that although a writ of prohibition might lie to restrain action upon the ground of lack of jurisdiction of the person, as, for example; for want of service or invalidity of service of process, yet, if the Court had jurisdiction of the subject-matter, and

the question of the jurisdiction of the person was dependent upon some fact to be determined by the Court, its conclusion in favor of the jurisdiction, even though erroneous, is an error, for the correction of which a writ of prohibition is not available. 32 Cyc., 605.

Consequently, among the many adequate remedies either in law or equity (50 C. J., 683), the availability and applicability of which in the particular case in the inferior tribunal will prevent the issuance of the writ, the motion to change the place of trial is well recognized. *Fresno Nat. Bank v. Joaquin County Superior Court*, 83 Cal., 491, 24 P., 157; 32 Cyc., 616; 56 C. J., 688.

However it may be elsewhere, it is quite obvious that, under our statutory requirements and sanctioned practice, if the petitioners felt aggrieved that the action was instituted in the County of Georgetown, that such county was the wrong county so far as the jurisdiction of the person was concerned, and there was any pronounced advantage in having an equity cause determined in the county of their residence, then upon motion it would have been mandatory on the Court, upon a proper determination of the fact of residence and that the action was of such nature as to entitle the defendants to a trial thereof in the County of Charleston, to transfer the action to the county of their residence. So far as the writ is sought upon the ground of the lack of jurisdiction of the person, it is quite evident that it cannot be invoked in conformity with controlling principles.

The remaining grounds upon which the writ is sought and relied on to establish a lack of jurisdiction of the subject-matter of the action cannot be more concisely and accurately stated than in the language of petitioner's able counsel, who, after subjecting the complaint to a very critical analysis, conclude and "submit that the complaint nowhere states any cause of action for equitable relief against the defendants."

If at the hearing upon the return to the rule issued by the Circuit Judge to show cause, at the time and place indicated

therein, why the petitioners should not be enjoined from the operation of said express trucks in Georgetown County over the stated highway in violation of law (Act of April 8, 1925, 34 Stat., 252; Act of March 9, 1928, 35 Stat., 1238; Act of March 4, 1929, 36 Stat., 247), the Circuit Judge had contemplated a final adjudication at chambers on the merits of the controversy, as to whether or not permanent injunctive relief should be granted against the petitioners, the power to make such adjudication does not appear to be entirely free from difficulty.

In the case of *Hornsby v. Burdell*, 9 S. C., 307, it was held that, while it was "undoubtedly true that a Circuit Judge may, in a case of which he has jurisdiction, upon a proper showing, grant an interlocutory or temporary injunction, at chambers, to continue until the final hearing of the case on its merits, it is very clear that a perpetual injunction cannot be granted until the case is fully heard upon its merits and the issues raised determined by the tribunal having authority to make such determination."

This case was decided in 1877, and in 1925 the General Assembly passed an Act (Act, April 14, 1925 [34 St. at Large, 94, § 1]), the full effect and scope of which has not yet been determined by the Court, which in part provides:

"All regular and special Judges shall have at Chambers in any county within the Circuit in which they are resident or in the Circuit in which they are assigned to hold Court, all powers and jurisdiction which they have and exercise in open Court in any county within said Circuit, except for the determination of such matters as necessitate trial by jury."

In the case of *Truesdell v. Johnson*, 144 S. C., 188, 142 S. E., 343, the Court held, without determining whether the Act of 1925 superseded the previous legislation on the same subject or was simply supplementary to such legislation, that the power conferred was broad enough to include the appointment of a receiver at chambers.

In the very recent case of *Seabrook v. Carolina Power &
Light Company,* 159 S. C., 1, 156 S. E., 1, 3, in discussing
an erroneous refusal of the Circuit Judge to grant a tem-
porary injunction in an action brought solely for the purpose
of obtaining permanent injunctive relief, as in the present
case, Mr. Justice Blease, in delivering the majority opinion,
uses this language :

"There is another reason why the temporary order of in-
junction should *not have been refused. The plaintiffs'* action
was brought solely for obtaining an injunction, and the
refusal to grant the temporary injunction practically dis-
posed of the case without a hearing upon the merits. In
*Cudd v. Calvert,* 54 S. C., 457, 32 S. E., 503, the Court
uses this language : 'It seems to us, where, as in this case,
the action is brought solely for the purpose of obtaining an
injunction, and where, if the facts alleged in the complaint
are found to be true, a proper case for injunction would be
presented, it is error to dissolve a temporary injunction upon
a mere motion heard upon affidavits, as that would deprive
the plaintiff of his legal right to have the facts determined
in the mode prescribed by law instead of by affidavits—a
most unsatisfactory mode of eliciting truth.—Indeed, the
practical result in a case like this would be to dismiss the
complaint upon a mere motion heard upon affidavits, without
any opportunity being afforded the plaintiff to have the facts
upon which he bases his claim for relief determined in the
mode prescribed by law. For if in this case the injunction
should be dissolved, there would be nothing to prevent the
issue of bonds before the case could be heard on its merits,
and if the bonds passed into the hands of innocent holders
without notice, as they might and probably would do, then
the controversy would become absolutely useless. If, there-
fore, the facts alleged in the complaint can be established
upon a trial on the merits, where the witnesses can be sub-
jected to examination and cross-examination, then we do not
think it can be denied that the plaintiffs would be entitled

to the injunction prayed for. The authorities cited by appellants in their argument sustain the view we have taken. 2 High on Inj. (3d Ed.), §§ 1509, 1511, and 1512; *Seabrook v. Mostowitz,* 51 S. C., 433, 29 S. E., 202.' See, also, *Oil Co. v. Ice Co.,* 62 S. C., 196, 40 S. E., 169."

It is not necessary, however, to determine in this case what effect the Act of 1925, with regard to this power of the Circuit Judge at chambers, had upon prior legislation and the decisions of the Court upon the question or the interpretative effect of the decision in the foregoing case of *Seabrook v. Carolina Power & Light Company,* in view of the fact that the cases cited in the above-quoted utterance were all decided prior to the Act of 1925, and as it is quite evident that the order issued by the Circuit Judge in this case, although not so stated in terms, amounted only to a rule to show cause, why a temporary injunction, or injunction *pendente lite,* should not be granted upon notice, with a temporary restraining order issued at the commencement of the action pending the determination of the question as to whether such temporary injunction should be granted until a final determination of the cause. Such conclusion is rendered more obvious by the fact that, although the action was instituted by service of a summons and complaint on the 29th day of April, the return day of the rule to show cause was made the 10th day of May following, less than the twenty days within which the petitioners had the right to demur to or answer the complaint on the merits. Certainly the Circuit Judge did not contemplate a final decision before the time expired for the making of the issues to be considered therein.

It is also equally clear that the petitioners, independently of the return responsive to the rule to show cause, could have determined the very pertinent inquiries as to whether the plaintiff in the cause had any other exclusive remedy for his alleged grievance, or whether the complaint stated any cause of action warranting legal

or equitable relief (*Devereux v. McCrady*, 46 S. C., 143, 24 S. E., 77), in a formal motion to dismiss, or demur to the complaint; which, under the broad powers conferred by the provisions of the Act of 1925, above set out, could have been determined at chambers.

Section 35 of the Code of Civil Procedure 1922 (32 Stat., 281), and prior enactments provide that the Circuit Judge shall have the power at chambers to hear and determine demurrers. In the case of *Hernlen v. People's Bank*, 135 S. C., 313, 133 S. E., 549, the Court, however, held that the Code provision (Act of 1921), was superseded by the Act of March 22, 1922 (32 Stat., 903), which provides that the Circuit Judge shall have the power at chambers to "hear and determine demurrers * * * in the same manner, in every respect as if the Court were actually sitting," and that under this provision the Circuit Judge, at chambers, in another county, would be without jurisdiction to hear and determine a demurrer. The Court, however, held that the subsequent Act of 1925 (34 Stat., 94), had no application to the case under consideration.

It is contended that the restraining order was issued without any notice to petitioners, and, in order to save their business from ruin, all ordinary judicial methods to protect their business and property being wholly inadequate, they were compelled to proceed by writ of prohibition.

If the order of the Circuit Judge served with the summons and complaint on the petitioners should even be regarded in effect such temporary injunction as is contemplated under Sections 482, 483, 484, 486, 487, 489, 490 of the Code of Civil Procedure 1922 and as distinguished from a mere restraining order pending the hearing of a rule to show cause, such as provided for in Sections 484 and 487 of the Code, there can be no question that under numerous decisions in this State the Circuit Judge has full power and jurisdiction at chambers (*Andrews v. Real Estate Company*, 87 S. C., 307, 69 S. E., 604; *Northrop v.*

*Simpson,* 69 S. C., 551, 48 S. E., 613; *Kelly v. Tiner,* 86 S. C., 160, 68 S. E., 465; *Montgomery v. Robinson,* 93 S. C., 247, 76 S. E., 188) to grant such temporary injunction even before service of the summons or its lodgment for service, provided the same is served within a reasonable time with the summons (Section 483, Code of Civil Procedure 1922; *Jordan v. Wilson,* 69 S. C., 256, 48 S. E., 224), and within his discretion (Section 487, Code Civ. Proc. 1922), may grant such temporary injunction upon an ex parte application and without notice (*Watson v. Bank,* 5 S. C., 159; *Jordan v. Wilson, supra*), except where specifically required by statute (Sections 484, 485, Code of Civil Procedure 1922), in cases relating to injunctions to stay certain sales and when allowed after answer (*Meinhard v. Youngblood,* 37 S. C., 227, 15 S. E., 947; *Andrews v. Real Estate Company, supra*).

Not only has the Circuit Judge jurisdiction to grant such temporary injunctions at chambers, but in such inquiries may consider the merits of the cause (*Sease v. Dobson,* 34 S. C., 345, 13 S. E., 530; *Kelly v. Tiner,* 86 S. C., 68 S. E., 465), as bearing upon the question, and should grant such injunctions upon a *prima facie* showing when essential to the assertion and preservation of the legal rights of the party (*Gilmer v. Hunnicutt,* 57 S. C., 166, 35 S. E., 521; *State v. Columbia Water Power Company,* 82 S. C., 181, 63 S. E., 884, 22 L. R. A. [N. S.], 435, 129 Am. St. Rep., 876, 17 Ann. Cas., 343; *Coast Lumber Company v. Burton Lumber Co.,* 89 S. C., 143, 71 S. E., 820; *Lumber Company v. Hodges,* 96 S. C., 140, 79 S. E., 1096; *Railway Company v. Electric Company,* 99 S. C., 299, 83 S. E., 635; *Jennings v. Jennings,* 104 S. C., 242, 88 S. E., 527, 740; *Henderson v. McMaster,* 104 S. C., 268, 88 S. E., 645; *Railroad Company v. Baker,* 134 S. C., 106, 131 S. E., 678; *Seabrook v. Carolina Power & Light Company, supra.*

Besides, the petitioners had the right under the provisions of Section 489 of the Code to apply, upon notice to the Judge or Court, for an order vacating or

modifying the order of injunction if secured without notice and of such character as contemplated in that section.

If this be true with regard to the temporary injunction or injunction *pendente lite,* the conclusion would apply with greater force to a mere restraining order intended to preserve the *status quo* of the controversy pending the hearing pursuant to rule to show cause why a temporary injunction should not be granted.

The petitioners further contend that this position is substantially strengthened by the fact that no bond was required by the Circuit Judge upon the issuance of the restraining order.

While the language of Section 486 of the Code, applicable only to the granting of a temporary injunction is plain and mandatory, and the Court should require a bond (*Smith v. Smith,* 51 S. C., 379, 29 S. E., 227) upon granting such injunction, yet it has been determined that the failure of the Court to require the undertaking is not a jurisdictional defect (*Watson v. Bank,* 5 S. C., 177; *Smith v. Smith, supra*) ; that the undertaking may be filed after the granting of the injunction (*Meinhard v. Strickland,* 29 S. C., 491, 7 S. E., 838) ; that the Judge or Court may, upon motion, so amend the order of injunction as to require execution of a sufficient undertaking (*State v. County Com'rs,* 96 S. C., 29, 79 S. E., 522), and, even where the undertaking filed affords insufficient protection, the remedy is by timely application for its increase (*Lumber Company v. Fountain,* 90 S. C., 122, 72 S. E., 885).

In the case of a mere restraining order protecting the rights of the party pending the decision of the question, under rule requiring cause to be shown, as to whether the party is entitled to a temporary injunction, it has been expressly held that no such undertaking may be required. *Creech v. Long,* 72 S. C., 31, 51 S. E., 614.

So is apparent that, whether the order of the Circuit Judge accompanying the summons and complaint be viewed as a temporary injunction granted at the commencement of the action under the Code provisions referred to, pending the final determination of the action, or as a mere restraining order effective until respondents' right to a temporary injunction was ascertained under the rule to show cause, the grounds urged do not even remotely disclose such an excess, encroachment, assumption of jurisdiction, or abuse thereof, by the Court or Judge in such matters, or resultant serious damage, as would warrant the application of the writ. Even if such jurisdictional defects existed, it does not appear that the petitioners are without the ordinary, adequate, and appropriate remedy by appeal under our established procedure in the event of an erroneous decision or judgment on any of the questions presented.

The whole contention on this phase of the inquiry, reduced to a final analysis, is that, by reason of defective averment in the complaint, the respondent is not entitled to the relief demanded. If such a view warranted the issuance of the writ in this case, then there is no sound reason why it should not apply to all cases where the defendant relies upon a deficient statement in the pleading to establish the absence of a legal or equitable cause of action, one of the specific grounds of demurrer under Section 401, Subd. 6; of the Code of Civil Procedure 1922.

It is also urged that, as a condition precedent to the institution of the action, the respondent should have made application for relief to the Railroad Commission, vested with complete control and supervision of the operation of motor vehicles for hire within the State, and alleged this fact and the failure of the commission to grant the redress sought. We know of no provision in the enactments giving to the Railroad Commission such power of regulation, control, and supervision that create such commission a special tribunal, vested with exclusive jurisdiction

in such matters, or any rule of law independent of such enactments designed to accomplish that purpose, assuming that the respondent was entitled to the relief sought.

It is likewise urged that, if petitioners were operating express trucks in violation of existing enactments (Act of 1925, 34 Stat., 252; Act of 1928, 35 Stat., 1238; Act of 1929, 36 Stat., 287), on the subject, or refused to comply with an order of the Railroad Commission denying this right, it is provided in Section 14 of the Act of 1925 that such violation would constitute a misdemeanor for which they could be prosecuted and punished, and that injunctive relief should therefore be denied.

The contention ignores the very vital fact that, while the foregoing acts vest the regulation, supervision, and control of all motor-propelled vehicles operating for the transportation of persons or property for compensation upon the improved highways of the State, require as a prerequisite to a valid operation the issuance of a certificate of a designated class, the payment of a license fee, and punish as a misdemeanor the violation of the provisions thereof, yet Section 18 of the Act of 1925 expressly provides that the Act "shall not be construed to deprive any person or persons of any right of action to which he is entitled under the law, but shall be construed as cumulative."

It is quite evident, in view of the foregoing conclusions, that there is no substantial ground upon which this application for the writ is based, and the petitioners' cause must be determined by the contentions presented that could not be properly and fully determined by the Circuit Judge at chambers or by the Court of Common Pleas under the practice and procedure largely established by statutory enactment and liberally interpreted and applied by the Court. It is equally true that ample provision is made for an appeal to this Court from an erroneous conclusion reached or judgment pronounced in the exercise of this jurisdiction.

These conclusions are in complete harmony with many adjudicated cases throughout the American jurisdictions, substantially all of which accord general judicial recognition of the principle that the failure of the complaint or bill to state a cause of action, and, therefore, demurrable, is not sufficient ground for the issuance of a writ of prohibition to an inferior Court or tribunal. 50 C. J., 679, 688; *State v. Hartman,* 221 Mo. App., 215, 300 S. W., 1054.

The judgment of this Court is that the return of the respondents is adjudged sufficient in fact and law, that the rule and restraining order heretofore issued by Mr. Justice Blease be discharged, and the application for the writ of prohibition be, and the same is hereby, denied.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES COTHRAN, STABLER and CARTER concur.